# Arrington *v.* Savannah & Western Railroad Co.

### *Action by Contractor against Railroad Corporation.*

1. *Construction of branch road by railroad corporation.*—A grant of corporate power to build and operate a railroad between specified *termini* carries with it the right to construct turn-outs, sidings, switches, stations and engine-houses, and all works and appendages usual in the convenient operation of a railroad; but the right to purchase, extend or construct a "branch road" on or from any point on its line is limited and governed by statutory provisions (Code, §§ 1587-8), and such purchase, extension or construction can only be made by a resolution of the board of directors, ratified and approved by a subsequent vote of the majority in value of the stockholders.

2. *Breach of contract by corporation; averments of complaint.*—In an action against a railroad company by a contractor for the construction of a branch road, alleging the execution of the contract and its breach by the defendant, it is not necessary further to allege that the construction of the branch road was authorized by resolution of the board of directors, ratified and approved by a vote of a majority of the stockholders in value; that being merely defensive matter, and the presumption being that such preliminary action was had before the work of construction was entered on.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

WEBB & TILLMAN, for appellant, cited *Boulware v. Davis*, 90 Ala. 211; *Ala. Gold Life Ins. Co. v. Central A. & M. Asso.*, Vol. 95.

[Arrington v. Savannah & Western R. R. Co.]

54 Ala. 73 ; *Nelms v. N. E. Mortg. Security Co.*, 92 Ala. 162 ; 1 Chitty's Pl., §§ 220-21 ; *Getz's Appeal*, 3 Amer. & E. R. R. Cases, 192 ; *Railroad Co. v. Speer*, 6 P. F. S. 335 ; *Railroad Co. v. Williams*, 4 *Ib.* 103 ; 12 Amer. & Eng. Encyc. Law, 943-4.

CHISOLM & WHALEY, *contra*, cited 1 Morawetz, Corporations, § 373 ; Green's Bryce's Ultra Vires, 717 ; *Turnpike Co. v. Railroad Co.*, 35 Md. 224; 5 McLean, 425 ; *C. Lime Co. v. Dismukes*, 87 Ala. 344; *Ala. Gold Life Ins. Co. v. Central A. & M. Asso.*, 54 Ala. 77 ; *Dudley v. Collier*, 87 Ala. 431 ; *Chambers v. Falkner*, 65 Ala. 454.

STONE, C. J.—The plaintiff, Arrington, sued the railroad corporation for the breach of an alleged executory agreement. There was a demurrer to the complaint as originally filed, which the court sustained. The plaintiff then filed two separate amendments, and a demurrer was sustained to each. No other amendment being offered, judgment final was rendered against the plaintiff, and from that judgment the present appeal is prosecuted. The demurrers raise the single question and inquiry, whether the complaint describes a contract which the corporation had authority to enter into. The case going off on demurrer, we will treat the averments in the complaint as the facts of the case.

The railroad company was incorporated under the general law of the State.—Code of 1886, §§ 1573 *et seq.* The corporation, through its proper contracting officer, entered into a written contract with the plaintiff, by which it employed him to do the grading for a branch, or spur-track, propose to be constructed. He entered upon the service, incurred heavy expense in preparing for it, did a part of the work, and was then discharged and not permitted to complete the job. He was ready and willing, and offered to comply with his contract. The damages claimed are the loss he alleges he suffered in being denied the privilege of finishing his agreed undertaking. He avers he could have realized the profits he specifies, if permitted to finish the grading.

The complaint, as originally filed, describes the track, the grading of which plaintiff avers he was employed to do, in the following language : "A certain branch line near its siding at Henry Ellen Station on its main line, to connect said main line with the Henry Ellen Coal Company's slope number one, a distance of about three-fourths of one mile." In the first amendment, the description is in the following

terms, omitting the clause included in the brackets ; and the second amendment consisted in the insertion of the bracketed clauses : "Spur-track or switch near its siding at Henry Ellen Station on its main line, to connect said main line with the Henry Ellen Coal Company's slope number one—a distance of about three fourths of a mile [for the purpose of obtaining coal from said mines, both to use it as fuel in its own engines, and for the purpose of carrying it as freight over its main line], and that the said defendant possessed the power and authority to make and enter into such contract."

It may be stated as an axiomatic truth, that authority to do a particular thing carries with it the authority for employing the necessary means, and of doing every thing that is necessary and proper for the doing of the thing, or the completion of the enterprise. The central purpose of the projectors of a railroad is to construct, between *termini*, a continuous line of railroad track, for purposes of travel and transportation. But this purpose could not be made effective, if the projectors were denied all right to employ incidental and auxiliary agencies. Speaking of the charter of a railroad corporation, an able judge said : "This grant of power unquestionably carries with it the right to construct turn-outs, sidings, stations and engine-houses, and all works and appendages usual in the convenient operation of a railroad. A railroad without switches, sidings, turn-outs, and buildings for fuel, water, engines, stations, &c., would be useless in a great measure. They are essential to the operation of a road, and to the transportation of freight and passengers with security and dispatch."—*Phila. W. and Balt. R. Co. v. Williams*, 54 Penn. St. 103.

The appliances enumerated in the foregoing extract are those, and those only, which are necessary to the successful operation of a railroad as a line of travel or transportation. It is not supposed they include branch or spur-tracks proper, which are mere feeders of the main track, constructed for the purpose of increasing the business of the road, or for the convenience of an outside enterprise. These, not being necessary to the operation of the railroad, but resorted to as a means of increasing the emoluments of the adventure, stand on a different principle ; and the power of the road to construct them as a mere incident to its granted powers has given rise to much and varied judicial determination. We cite many authorities bearing on this question, but we do not consider it necessary to express an opinion on the naked inquiry, when unaffected by statutory enactment.—*Balt. &*

[Arrington v. Savannah & Western R. R. Co.]

*H. de Gr. Turnpike Co. v. Union Railroad Co.*, 35 Md. 224;
*Matter of R. H. & L. R. R. Co.*, 110 N. Y. 119; *Sholl v. German Coal Co.*, 118 Ill. 427; *Rensalear & S. R. R. Co. v. Davis*, 43 N. Y. 137; *So. Chicago R. Co. v. Dix*, 17 Am. & Eng.
R. R. Cases, 157; *Mor. & Essex R. R. Co. v. Cen. R. R. of
N. J.*, 12 Vroom, 205; *Ohio & E. Ill. R. R. Co. v. Wiltse*,
24 Amer. & Eng. R. R. Cases, 261; *P., W. & K. R. Co. v.
B. Iron Works*, 36 Amer. & Eng. R. R. Cases, 531, and note;
12 Am. & Eng. Encyc. of Law, 942 *et seq.*, and notes; *Works
v. Junction R.*, 5 McL. 425; *Conn. L. Ins. Co. v. C. C. & C.
R. Co.*, 41 Barb. 9; *Getz' Appeal*, 3 Amer. & Eng. R. R. Cases,
186; *McAboy v. P. & C. R. Co.*, 20 Amer. & Eng. R. Cases,
314. See, also, Greene's Brice's *Ultra Vires*, 715, *et seq.;
Ala. G. L. Ins. Co. v. Cen. A. & M. Asso.*, 54 Ala. 73; *City
Council v. Hughes*, 55 Ala. 201; *Wilks v. Geo. Pa. Railroad
Co.*, 79 Ala. 180; *Chewacla Lime Works v. Dismukes*, 87 Ala.
344; *Dudley v. Collier, Ib.* 431.

We have a statute bearing on this question, approved December 12, 1882.—Sess. Acts, 21; Code of 1886, §§ 1587-8.
Its provisions are as follows : § 1587. "A corporation now
existing, or which may hereafter be organized, for the building, constructing and operating of a railroad, has authority,
for the purpose of extending its line, or forming a connection,
to acquire, hold and operate a railroad without the State;
or, within the State, may extend its road, or may build, construct and operate branch roads from any point or points
on its line." § 1588. "Such purchase, extension, or construction of such branch roads, must be made by resolution
of the board of directors, which must be submitted to a
board of stockholders called for the purpose of its consideration; . . and at such meeting must be approved by a
vote of a majority in value of the stockholders."

If the demurrer was sustained on the idea that the complaint failed to aver that the construction of the branch road
had been ordered first by a resolution of the board of directors, and then by a majority in value of the stockholders,
this was an error. That pre-requisite, if omitted, was defensive matter. "Acts done by the corporation, which presuppose the existence of other acts to make them legally
operative, are presumptive proofs of the latter."—*Bank v.
Dandridge*, 12 Wheat. 70, quoted in *Thorington v. Gould*,
59 Ala. 461, 467. See, also, *Ala. G. L. Ins. Co. v. Cen. A. &
M. Asso.*, 54 Ala. 73; *Boulware v. Davis*, 90 Ala. 207; 3 Brick.
Dig. 161, §§ 83, 85, 86.

We said above that we do not express any opinion on the
naked inquiry, unaffected by statute, whether a railroad

[Behr v. Gerson.]

·corporation has authority to construct what may be called a branch road as an incident to its corporate powers. However that question may stand on general principles, our statute copied above has prescribed the terms and conditions of exercising such power in this State. The statute covers the whole ground, and is not simply an enabling statute. It interdicts the exercise of such power, in any other manner than on the terms therein prescribed. Not by positive assertion, but by necessary implication. "When a statute limits a thing to be done in a particular manner, it includes in itself a negative; and the negative is that it shall not be done otherwise. The limitation exists whenever the statute prescribes the particular manner in which the thing must be done."—*Bickley v. Keenan*, 60 Ala. 293, and authorities cited.

The complaint, alike before and after amendment, sets forth *prima facie* a good cause of action, and the demurrer to it ought to have been overruled.

Reversed and remanded.

WALKER, J. concurs in the conclusion reached, but not in all the positions taken.