# Allen *v.* West Point Mining & Manufacturing Company.

*Action on Promissory Note.*

(Decided November 14th, 1901.)

1. *Promissory note; want of consideration; failure of lender to see that borrower gets the money; corporations.*—Where plaintiff, on the application and at the request of one of her sons, who was a director and secretary and treasurer of defendant cor-

[Allen v. West Point Mining & Manufacturing Company.]

poration, agreed to lend defendant $5,000, and in his presence instructed another son to let defendant have the money, and gave neither son any authority to use the money otherwise, and where the defendant duly executed to plaintiff a note therefor, by its president and secretary, both of whom knew that the money was furnished by plaintiff, and said money was in fact used by plaintiff's sons to pay for stock in another corporation, and this was done with the knowledge and consent of defendant's president, and plaintiff never knew until after the suit that the money had been used otherwise than as directed by her: *Held*: That the note was not without consideration and plaintiff was entitled to recover, she being under no obligation to control the officers of defendant or know what they did with the money.

APPEAL from Lauderdale Circuit Court.

Tried before Hon. E. B. ALMON.

Action by Susan B. Allen against West Point Mining & Manufacturing Company on a promissory note for $5,000. The opinion shows the facts. From a judgment for defendant plaintiff appeals.

THOMAS R. ROULHAC and EMMETT O'NEAL, for appellant, cited *Ala. Gold Life Ins. Co. v. Central, etc., Asso.*, 54 Ala. 75; *Taylor v. A. M. Asso.*, 68 Ala. 235; *Talladega Ins. Co. v. Peacock*, 67 Ala. 261; *Savannah, etc., Co. v. Lancaster*, 62 Ala. 564; *Kelly v. Trustees, etc.*, 58 Ala. 496; 7 Am. & Eng. Ency. Law (2d ed.), 771; 104 U. S. 192; *Craven v. Atlantic, etc., R. Co.*, 77 N. C. 292; 4 Thomp. on Corp., §§ 4644, 5706; 1 Beach on Corp., §§ 186, 203; *Bibb v. Hall*, 101 Ala. 92; *Pierce v. T. C. I. & Ry. Co.*, 110 Ala. 536; *Chambers v. Seay*, 73 Ala. 372; *Walker v. Dennison*, 86 Ill. 142; *Elliott v. Barrett*, 144 Mass. 256; Mechem on Agency, §§ 219, 220, 721, 723; *Wolffe v. State*, 79 Ala. 206; *Cummins v. Beaumont*, 68 Ala. 204; Story on Agency, § 140; *Terrell v. Branch Bank*, 12 Ala. 502; *Lucas v. Bank*, 2 Stew. 321; *Frenkel v. Hudson*, 82 Ala. 158; *Miller v. L. & N. R. R. Co.*, 83 Ala. 278; *Allen v. McCullough*, 99 Ala. 614; *Saint v. Wheeler*, 95 Ala. 362; *United States v. National Bank*, 96 U. S. 30; *State Bank v. United States*, 114 U. S. 401; Bigelow on Estoppel, 461; *Marks v. Bank*, 79 Ala. 559; 3 Rand. on Neg. Paper, §§ 1808, 1809, 1807, 1004; *Evans v. Daughtry*, 84 Ala. 68.

SIMPSON & JONES, for appellee, cited *Chewacla Lime Works v. Dismukes*, 87 Ala. 344; *Simmons v. Troy Iron Works*, 92 Ala. 427; *Chambers v. Falkner*, 65 Ala. 448; 79 Ala. 312; 54 Ala. 73; Green's Brice Ultra Vires, 115 and 121; *Smith v. Ala., etc., Co.*, 4 Ala. 558; 46 Ala. 98; Wade on Law of Notice, 304; 3 Brick. Dig., p. 25, § 99; *Long v. Davis*, 18 Ala. 801; 1 Brick. Dig., pp. 269, 270, §§ 271, 284; 2 Am. & Eng. Ency. Law, 372; Mechem on Agency, 719; 4 Thomps. on Corp., § 4755; 5 Thomps. on Corp., § 6009.

HARALSON, J.—The note sued on was for $5,000, dated March 1st, 1895, and payable 1st September, thereafter. It was signed, "West Point M. & M. Co., A. A. Berger, Presdt, Wade Allen, Secty. & Treas." On the back of the note are the indorsements, "Inst paid to Mch 1, 97. Int paid to Mch 1, 98."

The pleas were *non assumpsit;* that the note sued on was without consideration; that its consideration had failed; that the contract was *ultra vires*, and that the defendant had no power to make the note sued on. There was no denial that the note was executed by the defendant, which defense, if desired to be made, could have been interposed only by plea of *non est factum;* but the pleas, admitting the proper execution of the note by defendant, seek to avoid it as a binding obligation, on the grounds of want of failure of consideration, and want of authority to execute it.

The statutes under which the defendant company was organized, not to mention its implied power to borrow money for the purposes of its organization, conferred on the defendant the power, "To borrow money, and to mortgage, or otherwise convey or pledge its property, real or personal, and its franchises, to secure the payment of the money so borrowed, or any other debt contracted by it," etc.—Code of 1886, § 1562.

The note does not disclose on its face that it is *ultra*

*vires* and a *nudum pactum,* but appears to be properly executed as a binding obligation of the company. It is well settled, that capacity to make contracts necessary and proper to enable a corporation to accomplish the purposes of its creation, is an incidental corporate power. "There is no presumption of illegality, or abuse or excess of power attaching to its contracts. *Prima facie* they are valid, and the burden of showing invalidity rests on those impeaching them."—*Ala. G. L. Ins. Co. v. The C. A. & M. Asso.,* 54 Ala. 75; *Boulware v. Davis,* 90 Ala. 207; 4 Am. & Eng. Ency. Law (1st ed.), 222.

The ground on which the defense, as to a failure or want of consideration, proceeds,—to quote the language of defendant's counsel, in brief,—is, that if the plaintiff "agreed to lend the money to the company, and the company made its note on her agreement to lend the money, it certainly was her duty to see that the money was delivered to the company, (and), this she does not pretend to have done."

The defendant's proof tended to show, that no part of the money for which the note was given, was ever in fact actually delivered to the company; that about the time it was lent, The Colbert Iron Company was organized, with a capital stock of $10,000, of which A. A. Berger, the president of the defendant, took $5,000 worth; that he borrowed the $5,000 from his mother, and gave the company's note for it, which was afterwards paid by him; and the other $5,000, it was agreed should be provided for by Wade, William, George and Jos. V. Allen, who were sons of the plaintiff. Said Berger was the president of the Colbert Company, Wade Allen its vice-president and Jos. V. Allen its secretary. Said Wade Allen was also a director, secretary and treasurer of the defendant company, and the defendant had contracted to furnish iron to said Colbert Company. Said Berger testified that he knew that the $5,00 borrowed by the Allens from their mother, and that he, as president, and Wade Allen as secretary, executed the note to the plaintiff for the money.

The plaintiff testified, and there is no evidence in conflict with hers, that her son, Wade, applied to her for a loan of $5,000 to the defendant company, telling her,

that the company was good and doing a fine business, and that the loan would be a safe investment for her money; that she agreed to lend defendant the money, on the application of said Wade, and when she instructed her son, Jos., to let the company have the money, said Wade was present; that she gave him no authority to use it in paying for stock in the Colbert Company; that she knew nothing about the stock of that company, and never knew that the money for which the note was given had been applied to anything else but to the loan she agreed to make and did make to defendant, and she never heard of it, till a short time after this suit was brought. She closes her testimony by stating: "I knew nothing about it, except that I agreed to let the defendant have the $5,000 on this note, told J. V. Allen to let the defendant have the money, and this note was delivered to me by Wade Allen."

It is not denied, if plaintiff being ignorant of their purposes, had paid the money over to Berger, the president, or to Wade Allen, the secretary of the company, these two having given her the note of the company for the loan, and they had given it to Jos .V. Allen, to pay to the Colbert Iron Company, in redemption of the stock subscriptions of the Allens to said company, that the defendant would be bound on the note. The plaintiff, in that case, would not have been responsible for the misapplication of the money. The same thing was in substance and effect done. These officers, the proper ones in the usual course of business to borrow and to give the note of the company, were acting together with Jos. V. Allen to borrow the money from the plaintiff for the purpose for which it was procured, and the act of the one was the act of the other. As to the act accomplished they were really conspirators. When plaintiff instructed Jos., in the presence of Wade, the secretary, to let the defendant have the sum the defendant desired, and Jos. paid it to the Colbert Company instead of to Wade, the purpose of the three—Berger, Wade and Jos. —was accomplished. The case would not have been different, if the plaintiff had paid the money to Berger or Wade, the president or secretary of the company, and

he had turned it back to Jos. to pay to the Colbert Company on the stock. It did not require the money to go into the hands of the president or secretary to make the loan binding on the company. If it was paid to the Colbert Company according to their wish and direction, as was done, the payment was virtually the same as if the money had reached their hands and been paid to said company by them, instead of by Jos. Allen, who was merely representing and acting for them in the disposition he made of it. The company was bound by the act of its officers, the plaintiff being in entire ignorance of their misappropriation of the funds of their company. She loaned the funds in good faith on a note properly executed by the company, which imported a valid obligation, and there is nothing to show that she suspected fraud, any more than an ordinary person in the usual course of transactions of the company who dealt in like manner, would suspect such a thing. She was under no legal obligation to control them, or know what they did with the money.—*United States v. State Bank,* 96 U. S. 30; *Merchants' Bank v. State Bank,* 10 Wall. 604; *State Bank v. United States,* 114 U. S. 401; Zane on Banks and Banking, § 136.

The plaintiff under the evidence was entitled to recover. The judgment of affirmance heretofore rendered in this case will be set aside, and the judgment of the circuit court which tried the cause without a jury will be reversed, and one here rendered in favor of the plaintiff for $6,481.11, the amount of the note sued on, with interest less the payments thereon.

Reversed and rendered.

132　297
137　426

*Action on Promissory Note.*

