# Alley *v.* Jesse French Piano & Organ Co.

## *Assumpsit.*

(Decided April 20th, 1906.*  42 So. Rep. 623.)

1. *Pleading; Issues; Execution of Instrument; Admissibility.*—To a suit on a note defendant pleaded in bar a contract made by plaintiff by and through its agent. Held, the contract was admissible in evidence, under Section 1802, Code 1896, plaintiff having failed to put its execution in issue by verified replication, and the allegation that it was executed by plaintiff by its agent imported an affirmation of the agent's authority

2. *Bills and Notes; Action; Pleading; Consideration of Note; Evidence.*—Where the defendant pleaded in bar to the action on the note a contract by which he was entitled to return the piano for which the note was given, that plaintiff had declined to receive it, and that defendant was ready to deliver piano to plaintiff, it was error to exclude evidence of defendant's offer and readiness to deliver the piano to plaintiff, in the absence of a verified replication denying the execution of the contract.

APPEAL from Jackson Circuit Court.

Heard before HON. W. W. HARALSON.

The suit is an action on a note given by appellant to appellee for the sum of $30. In response to the complaint the defendant interposed the following special plea; the general issue being also pleaded: "(2) The defendant says that on the date of the execution of the note sued on the plaintiff, by its agent, W. M. Bates, executed to defendant an additional contract, which is in writing and is a part of the contract sued on. By the terms of said contract the plaintiff agreed that at any time within a period of five years, and on demand of the defendant, they will take charge of the piano described in the contract and also in the note sued on, and refund to the defendant all moneys that may have been paid to plaintiff as a part of the purchase price of said piano.

Before the bringing of this suit, to-wit, on December 12, 1903, pursuant to the terms of said contract, the defendant offered to deliver said piano to the plaintiff, which offer was refused. The defendant now offers to deliver said piano to the plaintiff, and holds the same ready for delivery at any time the plaintiff will accept." During the course of the trial the defendant offered said contract in evidence, and also offered evidence to show an offer on his part to deliver the piano to the plaintiff under the terms of the contract as set out in the plea. Objection was sustained to all this testimony, and it was excluded. It was shown that defendant had paid nothing on the purchase price of the piano. At the conclusion of the testimony the court gave the affirmative charge, with hypothesis, for plaintiff.

F. A. BOSTWICK, for appellant.—No brief came to the reporter.

VIRGIL BOULDIN, for appellee.——No brief came to the reporter.

WEAKLEY, C. J.—By special plea numbered 2, in bar of the action, the defendant set up "an additional contract," which it was averred the plaintiff executed, by its agent, W. M. Bates. Issue was taken on the plea, but the execution of the contract was not denied by replication verified by affidavit. Section 1802 of the code of 1896, provides that "it is not necessary to prove the execution or assignment of any instrument offered in evidence under the plea of set-off or other plea in bar, unless the plaintiff put the execution or assignment thereby in issue by replication verified by affidavit." The averment that the contract was executed by the plaintiff by its agent imported, ex vi termini, the affirmation of authority on the part of the agent to make the contract for the plaintiff.—*McGeever v. Harris*, post. 41 So. 930. If, however, the plaintiff desired to question the making of the contract, and the authority of the agent in that behalf. it should have filed a replication verified by affidavit, alleging that the contract relied on in the plea was not executed by it, nor by any one authorized

to bind it in the premises. Not having done so, the contract offered in evidence, which tended to support the plea, was admissible without proof of the authority of Bates to execute it, and the objection to its introduction for want of evidence of authority was not good. It was an error to sustain the objection.

The defendant also had the right to prove his offer to deliver the piano to the plaintiff, and his readiness to do so at any time, as averred in the special plea, and the circuit court erred in disallowing proof along this line. If the excluded evidence had remained, its credulity would have been for the jury, and in the state of the pleadings and evidence the affirmative charge for plaintiff could not have been properly given.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.