# Perryman & Co. *v.* Farmers' Union, Ginning & Mfg. Co.

## *Assumpsit.*

### (Decided May 17, 1910.' 52 South. 644.)

1. *Corporations; Contracts; Validity; Burden of Proof.*—Unless want of authority is affirmatively shown on the face of the complaint in an action on a business contract purporting on its face to be executed in the name of a business corporation and signed by the proper officers of the corporation, or unless it is a matter of judicial knowledge that such corporation has no power to make such a contract, the want of authority of the officers to bind the corporation is defensive matter which must be alleged and proven.

2. *Same.*—Where the complaint in an action against the corporation on a contract executed in the corporate name by its officers thereof, sets out the contract and letters passing between the parties showing a binding contract on the corporation, the want of authority of the officers executing the contract to bind the corporation must be set up by special pleas, and the burden of proving the same is on the party pleading it. ·

3. *Same; Contracts; Validity.*—Where the purchasing officers of a corporation had the right to make a contract for the purchase of property for the corporation, and they made such a contract and affirmed it, the fact that all the directors did not expressly authorize the puchase, and after the purchase they disaffirmed it, cannot affect the validity of the contract.

4. *Same.*—Where the purchase of property by the president of the corporation was made subject to the approval of the corporation, and the purchase was afterwards approved by the corporation by officers having authority to do so, the directors could not by subsequently withdrawing the authority from the officers disaffirm the contract and relieve the corporation from liability.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

Action by Perryman & Co., against the Farmers' Union, Ginning & Mfg. Co., for the purchase price of a cottonseed huller. Judgment for defendant and plaintiff appeals. Reversed and remanded.

W. R. CHAPMAN,· for appellant. Unless it appears from the complaint or is matter within the judicial knowledge of the court that the officers making the con-

tract are without authority in the premises, this want of authority must be set up by special pleas, and becomes defensive matter necessary to be proven.—*Bibb v. Hall & Farley*, 101 Ala. 79; *Talladega I. Co. v. Peacock*, 67 Ala. 253; *Arrington v. S. & W. R. R. Co.*, 95 Ala. 434; *Thorington v. Gould*, 59 Ala. 461; *Ala. G. L. I. Co. v. C. A. L. & M. Assn.*, 54 Ala. 73; *Boulware v. Davis*, 90 Ala. 207. The complaint was sufficient.—2 Enc. P. & P. 992-7; *Manier & Co. v. Appling*, 112 Ala. 663. The common counts were properly joined with the special contract in this case.—*Stafford v. Sibley*, 106 Ala. 189; *Beadle v. Graham*, 66 Ala. 99; *Darden v. James*, 48 Ala. 33; *Martin v. Massey*, 127 Ala. 504. When a corporation places an agent in charge to transact its business, it is liable for his acts, so long as they are within the scope of his employment.—*Talladega I. Co. v. Peacock, supra; Bank of U. S. v. Dandridge*, 12 Wheat. 64, and authorities supra.

W. O. MULKEY, for appellee. The contract was not executed, was clearly conditional, the condition being its approval by the defendant, this was shown by the complaint, and it must of necessity appear that the condition had been complied with. The offer had not been accepted, and the question of acceptance was left with the directors.—9 Cyc. 267.

MAYFIELD, J.—This action is assumpsit. The complaint declared upon the common counts, and specially upon a breach of a contract to purchase "one No. 6 Cotton Seed Huller." The breach of the contract alleged was in the failure of the defendant to receive and to pay for the huller, as contracted. The court sustained demurrers to counts 2 and 3, upon the ground that these counts did not show affirmatively that the defend-

ant corporation ever approved the order or contract for the purchase of the huller. After demurrers were sustained to counts 2 and 3 as above stated, count 4 was added; which count was like counts 2 and 3, but contained the additional allegation that the defendant corporation approved said order, and directed the shipping out of the machine so purchased. The demurrer was overruled as to this count, and the case was tried upon the general issue as to this special count and the common counts. The plaintiff proved the contract of sale, which was in writing and signed by one Holman, president of the corporation, and also proved that, subsequent to the making of the contract of purchase, the defendant by letter ordered the machine purchased shipped out, and that it was so shipped out in pursuance of this order, and that the defendant refused to receive it or to pay for it on its arrival at its destination; hence this suit.

It appears from the plaintiff's evidence that the directors of the defendant corporation, after the purchase and after the machine was ordered to be shipped to the purchaser, met and disapproved the purchase and order which had been theretofore made by its president, secretary, treasurer, and some other director. The defendant offered no evidence, and on its written request the court gave the affirmative charge in its favor. It is insisted that the court erred in sustaining demurrers to counts 2 and 3, and in giving the affirmative charge for the defendant.

The court was clearly in error in both instances. Neither of the counts was subject to the demurrer interposed. If the contract of purchase was unauthorized by the directors of the corporation—that is, if the president and secretary and treasurer of the corporation had no authority to bind the corporation in the

premises—this was defensive matter which ought to have been set up and proved by the defendant. The contracts and orders sued on purported on their faces to be executed in the name of the corporation, and were signed by the proper officials of the corporation. If the contract was ultra vires, or if the officers had no authority to bind the corporation in the premises, this was matter for special pleas, and not ground of demurrer. There was no proof to show that these particular officers of the corporation did not have the authority to act for and bind the corporation in the premises. The most that is shown is that all the directors did not expressly authorize the particular purchase or order, and that they did, in meeting, after the purchase and order were made, disapprove and attempt to disaffirm. This they could not do, so as to bind the plaintiff, if the purchasing officers had in the first instance the right to make the contract and the right to approve and affirm it; and they did so affirm it, and order the goods shipped, before the directors met and disaffirmed the sale. While the purchase or order given by the president for the company was originally made subject to the approval of the defendant corporation, it was subsequently approved by it, if the officers of the corporation had the authority to approve it and thus bind the company—and there is no proof they did not, at that time, have such authority. And if they had it, the directors could not, by subsequently withdrawing such authority from such officers, relieve the corporation and disaffirm and annul a contract which had been properly made, and which did bind the corporation at the time it was made.

The evidence as to the authority of these officers—the president, secretary, treasurer, and general manager—to bind the corporation was not so conclusive as to warrant the court in giving the affirmative charge for the

defendant. The contract sued on was in writing, and properly signed by the corporation, and contained an express stipulation that the order was not subject to countermand, though it was subject to the approval of the corporation; and the counts alleged, and the proof tended to show, that it was so approved, and that the property was to be shipped in pursuance of the original contract of purchase. The counts did not contain conclusions as to these matters. They set out the contract and letters in full, which clearly showed a binding contract upon the corporation, provided the officers of the corporation, acting for it, had the authority to bind the corporation in the premises. If they had no such authority this was a matter to be shown by special pleas, and as to which the burden of proof was on the defendant.

This court, quoting from the text-books, has announced the following propositions of law which are applicable to this case: "* * * 'In the ordinary dealings of trading corporations, and within the scope and purview of their chartered powers, the same intendments and implications arise, as would spring out of similar acts or conduct of natural persons.'—*Tenn. R. T. Co. v. Kavanaugh*, 93 Ala. 329, 9 South. 396; *Ga. Pac. R. Co. v. Propst*, 83 Ala. 518, 3 South. 764. Morawetz lays down the principle that a corporation has implied authority to conduct its business on liberal principles, and may generally do what an intelligent man would do, under similar circumstances.—1 Morawetz on Corporations, § 365; 1 Am. & Eng. Encyc. of Law, 369. While, therefore, the officers of a corporation are not free from all obedience to form, so as to be independent of the governing body, and cannot perform acts which are ultra vires, and while there are many things which, if they do, will not be recognized as binding on their principals, yet,

while they act in the line of the business of their companies, without express authority, but manifestly for their interests, it will require but little to show the approval or ratification of the companies."—2 Mor. on Corp. § 675; *Bibb v. Hall & Farley,* 101 Ala. 93, 94, 14 South. 98.

Again, in the case of *Arrington v. S. & M. Ry. Co.,* 95 Ala. 434, 11 South. 7, the authority of a corporation to make a certain contract sued upon, was the question for consideration, and upon this theory a demurrer was interposed and sustained to the complaint; and the court, speaking through Stone, C. J., said: "If the demurrer was sustained on the idea that the complaint failed to aver that the construction of the branch road had been ordered first by a resolution of the board of directors and then by a majority in value of the stockholders, this was an error. The prerequisite, if omitted, was defensive matter. Acts done by the corporation, which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter."

The Supreme Court of the United States in the case of *Bank of U. S. v. Dandridge,* 12 Wheat. 64, 6 L. Ed. 552, speaking to the same subject, announced the same propositions as follows: "Persons acting publicly as officers of the corporation are to be presumed rightfully in office; acts done by the corporation, which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter. * * If officers of the corporation openly exercise a power which presupposes a delegated authority for the purpose, and other corporate acts show that the corporation must have contemplated the legal existence of such authority, the acts of such officers will be deemed rightful, and the delegated authority will be presumed. * * *

In short, we think that the acts of artificial persons afford the same presumptions as the acts of natural persons. Each affords presumptions, from acts done, of what must have preceded them, as matters of right, or matters of duty."

The case probably nearest in point is that of *Allen v. West Point M. & M. Co.*, 132 Ala. 294, 295, 31 South. 462. That was an action on a note purporting on its face to be executed by the corporation, as did the contract sued on in this case. The court, in that case, speaking of the authority of officers of the corporation —the president, and the secretary and treasurer—to make the note, used the following language: "The note does not disclose on its face that it is ultra vires and a nudum pactum, but appears to be properly executed as a binding obligation of the company. It is well settled that capacity to make contracts necessary and proper to enable a corporation to accomplish the purposes of its creation, is an incidental corporate power. There is no presumption of illegality, or abuse or excess of power attaching to its contracts.—Prima facie they are valid, and the burden of showing the invalidity rests on those impeaching them.'—*Ala. G. L. Ins. Co. v. The C. A. & M. Ass'n*, 54 Ala. 75; *Boulware v. Davis*, 90 Ala. 207 [8 South. 84, 9 L. R. A. 601]; 4 Am. & Eng. Ency. Law (1st Ed.) 222." In other words, the law is that the power of a given business corporation to make an ordinary business contract sued on is defensive matter, unless the want of such power is affirmatively shown on the face of the complaint, declaration, or bill of complaint, or it is a matter of judicial knowledge that such corporation has no such power.

Likewise, the capacity or authority of the officers to execute contracts in behalf of an ordinary business corporation, in an action upon contract purporting to be ex-

ecuted in the name of such corporation, by such officers, is defensive matter, and must be raised by special plea, unless the lack of such authority or power is affirmatively shown on the face of the complaint, declaration, or bill or unless it be matter of judicial knowledge that such officers have no such capacity or authority to bind the corporation.

The effect of all the rulings of the trial court was to reverse the order of pleadings, and to place the burden of proof as to the disputed question upon the wrong party.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.