(126 So. 869)

### ALABAMA CLAY PRODUCTS CO. v. MATHEWS.

#### 6 Div. 333.

Supreme Court of Alabama.

March 13, 1930.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

Perry, Mims & Green, of Bessemer, for appellee.

ANDERSON, C. J.

Section 8662, new to the Code of 1923, says: "In civil and criminal cases, either party shall have the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and shall have the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict."

This section was not intended as affording a ground of challenge for cause, but to enable counsel to obtain information in order to intelligently strike the jurors. It is evident, however, that the nature and character of questions to be asked were under the province of the trial court, and as to which there is considerable discretion. Rose v. Magro (Ala. Sup.) 124 So. 296.[1] The questions here not only related to whether or not the jurors were clients at present of plaintiff's counsel, but had been at a most remote period, or whether or not there may have been an intimate or mere passive friendship; and we cannot hold that the trial court committed reversible error

[1] Ante, p. 120.

in this respect. True, we justified the trial court in permitting the solicitor to ask similar questions in the case of Mays v. State, 218 Ala. 656, 120 So. 163, but did not hold that a refusal would have constituted reversible error, just as we would here hold that the trial court would not be reversed had such questions been permitted.

■The plaintiff sued as administratrix, and there was no proof of this material fact. It is true that we have several times held that the plea of the general issue was, in legal effect, an admission of this fact and relieved the plaintiff from proving same. Espalla v. Richards, 94 Ala. 159, 10 So. 137. But that rule obtains only when the general issue only is interposed or in the absence of a special plea raising this question. Here, while the general issue only was pleaded, it has the recital of leave granted to introduce evidence as to all matter that could have been specially pleaded. In dealing with a plea of this character, it has been held that, where issue is taken on such a plea, the pleader is authorized to avail himself of any special defenses to the same extent as if specially pleaded. Allen v. Standard Ins. Co., 198 Ala. 525, 73 So. 897, and cases there cited; Page v. Skinner (Ala. Sup.) 125 So. 36.[2] The plaintiff having taken issue on this plea, it was incumbent upon her to prove that she was the administratrix of the decedent, and, failing to do so, the defendant was entitled to the general charge as requested. We are unable to hold that the error, in this respect, was cured by Circuit Court Rule 35 because the question was not specially brought to the attention of the trial court. The fact that the plaintiff was the legal representative of the decedent was essential to her right to maintain the action; it was of the very substance of her cause of action, and said Rule 35 does not apply. This is not a question of variance or of the failure of proof as to time, venue, or some point not involving a substantive right of recovery, but it goes to the very vitals of the plaintiff's right to recover. Ferrell v. Ross, 200 Ala. 90, 75 So. 466.

Justices SAYRE, THOMAS, and BROWN agree to the holding that the defendant was entitled to the general charge, but Justice THOMAS thinks that Rule 35 should apply. Justice GARDNER does not commit himself as to whether or not defendant was entitled to the general charge as for failure of the plaintiff to prove she was administratrix, for the reason that, if such was the case, Rule 35 should be applied. Justices BOULDIN and FOSTER do not think that the defendant was entitled to the general charge under the pleading, but, if she was, Rule 35 applies, and that the refusal of said charge was not reversible error because not brought to the attention of the trial court. The result is that a majority of the court, Justices GARDNER,

THOMAS, BOULDIN, and FOSTER, hold that there was no reversible error in this respect under the application of Rule 35, while the writer, Justices SAYRE and BROWN think that the trial court committed reversible error in refusing the general charge upon this point.

■ The plaintiff's decedent may have been born in the name of his father, "Johnson," who died when he was about a year old, but his mother shortly thereafter married "Mathews," with whom the decedent resided until his death, and the mother gave him the name of his stepfather, and he was continuously and generally known by the name of "Mathews" up to the time of his death. "Where it is not done for a fraudulent purpose and in the absence of statutory restriction, one may lawfully change his name without resort to legal proceedings, and for all purposes the name thus assumed will constitute his legal name just as much as if he had borne it from birth." 45 C. J. p. 381; Ingram v. Watson, 211 Ala. 410, 100 So. 557; Milbra v. S.-S. S. & I. Co., 182 Ala. 630, 62 So. 176, 46 L. R. A. (N. S.) 274. There is no merit in the contention that the defendant was entitled to the general charge because of a change in the name of the plaintiff's intestate.

■ We do not think that the trial court committed reversible error in refusing a new trial because the witness testified that a certain party said he was an insurance man. The statement was promptly excluded, and we cannot say that the trial court was in error in holding that the prejudicial effect of same had been removed. Thames v. L. & N. R. Co., 208 Ala. 255, 94 So. 487.

■ We now come to the main meritorious question, the liability of the defendant under the law and evidence. Considerable stress is laid upon the fact that there was no proof that the decedent was an invitee as charged in the complaint. We think the evidence and surrounding conditions afforded a reasonable inference of an implied invitation to the decedent to be where he was when injured. The parents of the child were placed in a house by the defendant, the stepfather being an employee, in very close proximity to the steam pit. Indeed, said house was used as a part or for purposes in connection with the operation of the plant until turned over to the stepfather as a residence for himself and family. There was a path and tramway between the house and the plant which were commonly used, and the exposed pit was next to or in very close proximity to the path. There was not only proof that this child, but many children, gathered at this point to play, especially on Sundays, and the jury could have inferred that these facts were known to the defendant's superintendent. The proof also shows that the opening through which the decedent fell could have been easily covered or

---

[2] Ante, p. 302.

guarded and that it could be reached without actually entering the plant proper. True, the evidence shows that the president of the defendant company forbade children going into the plant, but this may have meant within the plant proper and not the area adjacent thereto. Moreover, the president admitted that he had been about the plant but little for the past six years, and the jury could infer that the superintendent, or those in actual charge of the plant, knew of and acquiesced in the presence of children at or near the point of danger and knew of or negligently failed to discover or remedy the danger of the exposed portion of the steam pit. We think the trial court was fully justified in refusing the general charge, as upon this theory of the case, upon the authority of Ala., etc., Co. v. Cosby, 217 Ala. 144, 115 So. 31, and under the law as set forth in the opinion in the case of Thompson v. Alexander Cotton Mills Co., 190 Ala. 184, 67 So. 407, Ann. Cas. 1917A, 721.

The judgment of the circuit court is affirmed.

GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

ANDERSON, C. J., and SAYRE and BROWN, JJ., dissent.