145 So. 464

### INGALLS STEEL PRODUCTS CO. v. FOSTER & CREIGHTON CO.

6 Div. 96.

Supreme Court of Alabama.

May 26, 1932.

Rehearing Granted Dec. 15, 1932.

Rehearing Denied Jan. 27, 1933.

123

J. D. Rucker, L. B. Bewley, and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

BROWN, J.

The case was submitted to the jury on counts 3 and 5 of the complaint as last amended.

■ Count 5 does not state a cause of action, either ex contractu or ex delicto. It merely avers, in substance, that defendant, acting through its sales agent, Ryan Sales Company, represented that it would furnish certain steel products to the plaintiff for use in a building for a specified price; that, relying upon said representations, the plaintiff bid for the construction of said building, basing its bid in part on the representation of the defendant, and was awarded the contract, and thereafter the defendant refused to furnish said steel to plaintiff at said price, and plaintiff had to buy the steel elsewhere at a greater price. These averments fall short of showing that defendant contracted to furnish such steel, or that the plaintiff had any legal right to rely on defendant's said representations in making said bid, or that plaintiff was under any legal obligation to accept said steel if defendant had furnished the same. The averments of this count show, at most, a mere invitation on the part of the defendant to plaintiff to enter into negotiation, and such invitation, without more, cannot be made the basis of a legal cause of action. 6 R. C. L. p. 600, § 23; Benton v. Springfield Young Men's Christian Ass'n, 170 Mass. 534, 49 N. E. 928, 64 Am. St. Rep. 320; Anderson v. Public School, 122 Mo. 61, 27 S. W. 610, 26 L. R. A. 707; Cherokee Tanning Extract Co. v. Western Union Tel. Co., 143 N. C. 376, 55 S. E. 777, 118 Am. St. Rep. 806.

■ The concluding averment in said count, "and plaintiff claims that the conduct of the defendant constitutes a legal fraud," is but a bald conclusion of the pleader, unsupported by the facts averred, and adds nothing to the count. To state a cause of action ex delicto for breach of duty growing out of a contract, the averments of the count must needs show a valid contract supported by a consideration. Newton et al. v. Brook, 134 Ala. 269, 32 So. 722.

■ Count 3 undertakes to state a cause of action of special assumpsit for breach of contract, by setting out in hæc verba the evidence upon which plaintiff relies to establish the contract. This violates the rules of good pleading, and is not to be commended, and should not be encouraged by the trial court.

The negotiation for the supposed contract originated in a written offer submitted on May 11, 1928, by the defendant through its sales agent, Ryan Sales Company, acting through one Holt, the offer stipulating in accordance with the limited authority of the agent: "This proposal when accepted by the buyer, *and approved in writing by an officer of the seller at Birmingham, Alabama,* becomes *a contract* in full force and binding on both parties." This offer is signed: "Ingalls Steel Products Company, Ryan Sales Company, By E. F. Holt," and immediately under this signature is the following: "Approved at Birmingham, Alabama, By ———, Title ———," and at the left of the written

offer is written: "Accepted Foster & Creighton Co., By N. F. Creighton, Pres. * * * Date May 12, 1928." (Italics supplied.)

■ It is familiar law that "the offerer has a right to prescribe in his offer any conditions as to time, place, quantity, mode of acceptance, or other matters which it may please him to insert in and make a part thereof, and the acceptance, to conclude the agreement, must in every respect meet and correspond with the offer, neither falling short or going beyond the terms proposed, but exactly meeting them at all points and closing with them just as they stand." 13 C. J. p. 279, § 82; Paterson & Edey Lumber Co. v. Carolina-Portland Cement Co., 215 Ala. 621, 112 So. 245.

■ It is likewise well settled that, when such offer is made through an agent, the principal may expressly reserve the right to approve the offer and acceptance, and the mode of their approval. Paterson & Edey Lumber Co. v. Carolina-Portland Cement Co., supra.

The offer made through Ryan Sales Company clearly shows that it was contemplated that the offer and acceptance was not to close the transaction, until the offer and acceptance were approved "by an officer of" Ingalls Steel Products Company "at Birmingham, Alabama," by affixing his signature to the contract.

Count 3 does not aver that the offer and acceptance were so approved, or *that the contract was executed* by the parties thereto, but undertakes to supply this necessary element to the cause of action by setting out in hæc verba a letter of date May 15, 1928, to which was attached a memorandum, showing specifications, price, and shipping directions, on which was written: "Please Note— This is an acknowledgment of your order as we understand it and we will ship accordingly." This was signed: "Yours very truly, The Ingalls Steel Products Company." To quote the letter of the same date, "Attached is formal acknowledgment of your order given to Ryan Sales Company for the above mentioned job. As soon as we receive architectural plans, we will make up shop drawings *and forward for approval*. Shipment can be made rather promptly *after approval of shop drawings*. Yours very truly, The Ingalls Steel Products Company, By Thomas A. Lucy, Chief Engineer." (Italics supplied.)

■■ Taking this letter and the memorandum as meeting the requirements of approval of the offer and acceptance by an officer of the defendant corporation, the pleader assumes the completion of the contract by the further averment, "Plaintiff avers that *upon the execution* of the contract, between plaintiff and defendant, plaintiff contracted for a fixed sum to erect the building," etc. Construing these averments most strongly against the pleader, they are clearly open to inference that the letter of May 15, 1928, signed by Lucy, was not intended as an approval as contemplated by the offer, but as a mere acknowledgment of the order pending receipt of the architectural plans to be furnished by the offeree and the making up of shop drawings for its approval. It also leaves to mere inference that Lucy was such officer of the Ingalls Company as could approve the offer and acceptance.

■ The demurrer interposed to said counts 3 and 5 specifically points out their insufficiency, and the court erred in overruling the demurrer. It is insisted, however, that the ruling was rendered harmless for two reasons: First, that the execution of the contract was not put in issue by a plea of non est factum, duly sworn to, and the due execution of the contract must be taken as confessed upon the record.

The answer to this contention is that the burden was on the plaintiff to prove prima facie the existence of the contract and its breach. 13 C. J. 756–7, §§ 927, 928; Hood v. Disston & Sons, 90 Ala. 377, 7 So. 732.

The general rule is that, where a written contract is the foundation of the suit *and the complaint alleges its execution by the defendant*, in the absence of a sworn plea denying its execution, the plea of the general issue confesses of record the execution of the contract and relieves the plaintiff of proving its execution. Carter et al. v. Long Bros., 125 Ala. 280, 28 So. 74, 77; Longstreet & Sedgwick v. Rea & Co., 52 Ala. 195; Oil Well Supply Co. v. West Huntsville C. M. Co., 198 Ala. 501, 73 So. 899.

In Carter et al. v. Long Bros., supra, it was observed: "The case of Ledbetter v. Vinton, supra [108 Ala. 644, 18 So. 692], is directly in point, both as to the sufficiency of a complaint upon a note *averring the defendant's execution thereof* by his indorsement, *and as to the necessity for a sworn plea to meet such averments*. With the exception of Flowers v. Bitting, 45 Ala. 448, which was overruled in Wimberly v. Dallas, 52 Ala. 196, our decisions have been uniform in holding that section 1801 [Code of 1896; § 7663, Code of 1923] * * * construed with other statutes, requires a denial by a verified plea to put in issue the defendant's execution of a written instrument the foundation of a suit, *whenever such execution is averred in the complaint*, whether it is purported by the instrument itself or not." (Italics supplied.)

And in Wimberly v. Dallas, supra: "This section of the Code is a substantial re-enactment of the territorial statute of 1811, (Clay's Dig. 340, § 152), and must receive the construction given to that statute, in obedience to the rule, on which this court has uniformly proceeded, that in the adoption of the Code, the legislature is presumed to have known the judicial construction former statutes had re-

ceived, and therefore the re-enactment in the Code of provisions substantially the same as those contained in the former statutes, is a legislative adoption of their known judicial construction. * * * The construction of the statute of 1811 was, *that the allegation of the execution of the instrument sued on was mere matter of description, and if the instrument produced conformed to the description, no proof of execution was necessary, in the absence of a verified plea.* * * * Pursuing these decisions, this court construing the present statute, in the case of Ala. Coal Mining Co. v. Brainard, supra [35 Ala. 476], held, that if the instrument sued on *is averred in the complaint to have been executed by the defendant,* though it does not purport on its face to have been so executed, it falls within the statute, and must be regarded as the act of the defendant, in the absence of a verified plea, putting in issue its execution. No other construction will subserve the purposes of the statute. The intention of its enactment was to relieve the plaintiff from the burden imposed by the common law, of proving the execution of the instrument sued on, unless the defendant by a verified plea denied its execution. In the absence of such plea, the fact of execution is not in issue; *it is admitted of record by the defendant.*" (Italics supplied.)

The basis for this admission of record of the execution of the instrument, the foundation of the suit, is the affirmative averment in the complaint of its execution by the defendant, and the justification for this interpretation of the statute is well stated in Wimberly v. Dallas, 52 Ala. 197: "From this construction no injury results to the defendant. He can always demand an inspection of the instrument, and it must be allowed him. R. C. § 2635. Whether he executed it, or whether it was executed by any one having authority to bind him, is a fact resting within his own knowledge, and it is not unjust to him, to foreclose all inquiry on that point, unless he will pledge his conscience in denial of it."

In Perryman & Co. v. Farmers' Union Ginning & Mfg. Co., 167 Ala. 414, 418, 52 So. 644, the complaint *alleged the approval* by the defendant—the final act necessary to the due execution of the contract.

In the case at bar, as heretofore pointed out, there is an absence of averment that the contract was executed by the defendant, and therefore no basis for the application of the rule of the statute. Code, § 7663, as interpreted by the uniform decisions of this court.

In treating this question we have not considered the right of defendant to plead non est factum, in short by consent. See Moore et al. v. Williamson, 210 Ala. 427, 98 So. 201; Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869.

The other ground upon which the appellee invokes the application of the doctrine of error without injury is that the undisputed evidence shows that the contract was duly approved by the defendant. To this we cannot agree. The evidence offered by the plaintiff shows that the offer was made by Ryan Sales Company strictly in accordance with its limited authority, subject to the approval "in writing by an officer of the seller in Birmingham"; that the letter of May 15, 1928, signed by Lucy as chief engineer, was not intended as a formal approval of the contract, and that on May 21, 1928, after the architectural plans were furnished by the plaintiff, the defendant, through Lucy, wrote the plaintiff the following letter:

"Gentlemen: We have withheld formal acceptance of your contract as covered by our proposal of May 11th, until plans were received and check made on the quantities involved.

"As you know, we were unable to secure any plans and particularly from your office. Mr. Holt, of the Ryan Sales Company, sent us some free-hand sketches of the floor plans and we based our proposal on these sketches. These sketches showed no fifth floor, but only a roof section 26' –8" x 29' 4". Upon checking the plans which you sent us, we find that a fifth floor will be required of an area equal to that of the fourth floor.

"This additional story will add $747.00 to our previous quotation. Upon receipt of your authority to add this to our proposal, we will change the proposal, to cover the job as shown by the Architect's Prints we now have and have contract approved by an officer of the Company and prepare to ship the materials.

"Yours very truly,
"Ingalls Steel Products Company
"By [Signed] Thomas A. Lucy."

Creighton, president of the plaintiff corporation, testified: "I did make reply to his letter of May 21st which was introduced. I did not agree in my reply to the request of Ingalls Steel Products Company for authority to add $747.00 to the proposal. I got the steel that I was trying to buy from Ingalls Steel Products Company from another party afterwards and I built the building."

This clearly shows that the negotiations between the parties did not culminate in a contract between the parties, and on this evidence plaintiff was not entitled to recover. City of Mobile v. McClure, 221 Ala. 51, 127 So. 832.

For the errors pointed out, the judgment must be reversed. The application for rehearing is therefore granted, the judgment of affirmance is set aside, and the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

THOMAS, J. (dissenting).

The verdict eliminated count 5. The verdict and judgment rested on count 3. Whatever be the effect of pleading in short by consent, a jury question was presented. Alley v. Jesse French Piano & Organ Co., 148 Ala. 303, 42 So. 623; Alabama Clay Products Co. v. Mathews, 220 Ala. 552, 126 So. 869; Page v. Skinner, 220 Ala. 302, 125 So. 36; Moore v. Williamson, 210 Ala. 427, 98 So. 201; Allen v. Standard Ins. Co.. 198 Ala. 525, 73 So. 897.

It should be stated that plaintiff was the contractor proposing to erect the church in Nashville; that the Ryan Sales Company was the agent of defendant and offered to supply appellee-plaintiff with the required and specified steel trusses for the proposed building at the designated price, on which appellee relied and acted in making its successful bid for that structure; that there was refusal to supply the steel trusses at the price indicated, and appellee went into the market and purchased said material at advanced market price in excess of the offer exhibited in count 3; hence the suit to recover that difference and loss.

Plaintiff's evidence was to the effect that on May 8, 1928, it received an offer from defendant's agent, among other things, as follows: "Ingalls Steel Joist: We propose to furnish Ingalls Bar Joist and Accessories complete with top lath and ¼″ reinforcing steel in accordance with the plans and specifications for the net sum of Twenty Seven Hundred and Seventy Eight Dollars .($2,778.-00), freight allowed to Nashville"; that, after it received that offer and bid for said structural steel as exhibited in count 3, and acted thereon, it accepted the offer of date of May 12, 1928, as "Buyer", and that thereafter appellee received the following:

"The Ingalls Steel Products Company

"Manufacturers of 'The Ingalls Truss' for Fireproof Floors and Roofs—Patents Pending

"Works and Executive Offices, Birmingham, Ala.

"Birmingham, Ala.
"May 15, 1928.

"Foster & Creighton Co., Nashville, Tenn.

"Gentlemen: Re: Central Church of Christ. Attached is formal acknowledgment of your order given to Ryan Sales Company for the above mentioned job.

"As soon as we receive architectural plans we will make us shop drawings and forward for approval. Shipment can be made rather promptly after approval of shop drawings.

"Yours very truly,
"The Ingalls Steel Products Company
"By [Signed] Thomas A. Lucy
"TAL/WHL Chief Engineer."

Attached to Plaintiff's Exhibit 4 and introduced therewith was a paper, which was in words and figures as follows, to-wit:

"The Ingalls Steel Products Co.
"Birmingham, Ala.

"Acknowledgment of Order.

"Date 5-14-28

"Charge to Foster & Creighton Company   Sales Order J–126
"Address Nashville, Tenn.   Sheet 1 of 1
"Ship to Same   Customer's Order No. 5-11-28
"At Nashville, Tenn.   F. O. B. Birmingham, Ala. F/A to Nashville, Tenn.
   Terms Net 30 days
"Via Freight—Collect
"Delivery 2 weeks after approval.

| Quantity | Unit | Description | Piece | Weight | Price | Per |
|---|---|---|---|---|---|---|
| | | | | Total | | |

"Ingalls Trusses, Anchors, Bridging, ¼″ Temp Bars and Steeltex in accordance with drawings by Jones & Oehmig, omitting materials over Coal Room and Entry

"Price . . . . . . . . $2,951.00

"F. O. B. B'Ham, Ala. F/A to Nashville, Tenn.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Please Note—This is an acknowledgment of your order as we understand it and we will ship accordingly. Please check carefully and report any differences immediately.

"Your very truly,
"The Ingalls Steel Products Co.
"(Printed)."

Plaintiff offered in evidence letter of refusal from "the Ingalls Steel Products Company to Foster Creighton Company, Nashville, Tennessee, dated May 21st, 1928, which said letter was duly admitted in evidence, and is marked 'Plaintiff's Exhibit 5,' and is in words and figures as follows:

"Plaintiff's Exhibit 5.

"The Ingalls Steel Products Company

"Manufacturers of 'The Ingalls Truss,' for Fireproof Floors and Roofs—Patents Pending

"Works and Executive Offices, Birmingham, Ala.

"Birmingham, Ala.
"May 21st, 1928.

"Foster Creighton Company, Nashville, Tenn.

"Gentlemen: Central Church of Christ. We have withheld formal acceptance of your contract as covered by our proposal of May 11th, until plans were received and check made on the quantities involved.

"As you know, we were unable to secure any plans and particularly from your office. Mr. Holt, of the Ryan Sales Company, sent

us some freehand sketches of the floor plans and we based our proposal on these sketches. These sketches showed no fifth floor, but only a roof section 26' –8" x 29' 4". Upon checking the plans which you sent us, we find that a fifth floor will be required of an area equal to that of the fourth floor.

"This additional story will add $747.00 to our previous quotation. Upon receipt of your authority to add this to our proposal, we will change the proposal, to cover the job as shown by the Architect's Prints we now have and have contract approved by an officer of the Company and prepare to ship the materials.

"Your very truly

"Ingalls Steel Products Company

"By [Signed]  Thomas A. Lucy."

Thereupon witness (plaintiff) testified further as follows: "I did make reply to his letter of May 21st, which was introduced. I did not agree in my reply to the request of Ingalls Steel Products Company for authority to add $747.00 to the proposal. I got the steel that I was trying to buy from Ingalls Steel Products Company from another party afterwards and I built the building."

Count 3 was sufficient as against the arrest of judgment, and stated a substantial cause of action without the matter which was admitted and fully informed defendant of what it was charged. There was no reversible error in overruling demurrers to said count. The court instructed the jury as to the material issues to be found; and the evidence was sufficient to prove required allegations of facts: That plaintiff agreed to pay said sum indicated for said steel; that the proposal was approved in writing by an officer of defendant; that defendant contracted to furnish said steel for said price and entered into a valid contract for the same from defendant. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; City of Mobile v. McClure, 221 Ala. 51, 127 So. 832.

The contract here exhibited is different in specific terms required of an acceptance from that in Sturdivant v. Mt. Dixie S., L. & I. Co., 197 Ala. 280, 72 So. 502; Gould v. Cates Chair Co., 147 Ala. 629, 41 So. 675, where the order was taken by a traveling salesman authorized to make contracts of sale subject to approval (Simon & Son v. Johnson, 101 Ala. 368, 371, 13 So. 491), and from that in Manier & Co. v. Appling, 112 Ala. 663, 20 So. 978, 979, where the acknowledgment of receipt of order was: "The same shall have prompt attention," and therefore was not final, binding and unconditional. Paterson & Edey Lumber Co. v. Carolina-Portland Cement Co., 215 Ala. 621, 625, 112 So. 245, was where both parties had mutually agreed the contract was not to be binding until signed by both of them. In the case before us, the proposal of the seller would be binding on acceptance by the seller and approval by the buyer in its name by Lucy, its chief engineer.

We are impressed with the construction urged by appellee of the provision in the letter of date of May 15, 1928. The letter reads:

"Gentlemen: Attached is formal acknowledgment of your order given to Ryan Sales Company for the above mentioned job.

"As soon as we receive architectural plans we will make up shop drawings and forward for approval. Shipment can be made rather promptly after approval of shop drawings.

"Yours very truly,

"The Ingalls Steel Products Company,

"By Thomas A. Lucy  [Signed]

"Chief Engineer."

It was within the issue for the jury that at the time this letter was written the appellant regarded itself as having the contract as subcontractor for steel trusses, and was merely referring by such words to the performance of the contract and shipment after approval of "shop drawings," which was not a condition to the making of the contract, but referred to the manner and time of performance by the seller employed.

Thus we come to the main insistence of the parties, that the contract was not binding upon defendant because it was not approved in writing by an officer of the defendant with authority to such action. The implied powers of a general executive officer or its general manager are usually coextensive with the general scope of that business. Navco Hardwood Co. v. Bass, 214 Ala. 553, 557, 108 So. 452; First Nat. Bank of Birmingham v. First Nat. Bank of Newport, 116 Ala. 520, 22 So. 976; Montgomery B. & T. Co. v. Walker, 181 Ala. 368, 61 So. 951; 14a C. J. pp. 94, 95, § 1862. The capacity or authority of an officer to execute a contract in behalf of an ordinary business corporation, in an action upon a contract executed or purported to be executed in its name, is defensive matter, and should be presented by special pleas, unless the lack of authority or power is affirmatively shown by the pleading or such as that the court takes judicial knowledge thereof. Perryman & Co. v. Farmers' Union Ginning & Mfg. Co., 167 Ala. 414, 52 So. 644.

The holding that a superintending engineer is not a general engineer (Alexander v. Ala. Western R. R. Co., 179 Ala. 480, 60 So. 295), is not decisive here.

The correspondence is set out, and its effect is that appellee relied on the letter written and signed by "Thomas A. Lucy, Chief Engineer," as the foundation of its action; that it purports to be signed by the defendant (appellant) through and by its acting agent in that behalf, Thomas A. Lucy.

I am of opinion count 3 states a cause of action, and the evidence well supported the verdict rendered thereon.

Is the case within the exception announced in Perryman & Co. v. Farmers' Union Ginning & Mfg. Co., 167 Ala. 414, 420, 52 So. 644, 646, that the authority or capacity of an officer of a corporation to contract or execute a contract in its behalf, in an action upon a contract purporting to be executed in the corporate name, by such officer, "*is defensive matter, and must be raised by special plea,* unless [1] the lack of such authority or power is affirmatively shown on the face of the" pleading, or (2) unless it be matter of judicial knowledge that such officer has no such capacity or authority to bind the corporation, and (3) that the want of authority of an officer to bind the corporation is defensive matter which must be alleged and proved? (Italics supplied.)

And in Coston-Riles Lumber Co. v. Alabama Machinery & Supply Co., 209 Ala. 151, 95 So. 577, 578, is the holding that generally "every grant of power implies and carries with it, as an incident, authority to do whatever acts, or use whatever means are reasonably necessary and proper to the accomplishment of the purpose for which the agency was created"; and in that case the authority to execute a promissory note to secure an existing indebtedness implied the power to make a valid obligation.

In Paterson & Edey Lumber Co. v. Carolina-Portland Cement Co., 215 Ala. 621, 625, 112 So. 245, 249, it was agreed that the written contract should be effective if and only when it "was approved *by an executive officer*" of that company. Such is not the effect of the instant written proposal exhibited by count 3. It is:

"Terms:

"This proposal when accepted by the Buyer and approved in writing by an officer of the Seller at Birmingham, Alabama, becomes a contract in full force and binding on both parties. Shipment two weeks after approval of shop drawings.

"Accepted Foster & Creighton Co.     Ingalls Steel Products Company, Ryan Sales Company.

"By N. F. Creighton, Pres.

"Title————     By E. F. Holt

Approved at Birmingham, Alabama

"Date May 12, 1928.     By————

Title————

"90# Live load 1st floor

"60# Live load upper floors and main roof."

It is averred that plaintiff accepted the proposal to sell the trusses, anchors, and bridging, by its indorsement on the writing, which was an acknowledgment of the order, and that same was to be "shipped accordingly;" and confirmation of that proposal and acceptance was in the name of the defendant company, by "Thomas A. Lucy, Chief Engineer." This did not bring the case within the exceptions indicated in Perryman & Co. v. Farmers' Union Ginning & Mfg. Co., supra, and did not take the pleading without the rule of section 7663, Code of 1928.

KNIGHT, J., concurs in the foregoing dissent.