## McCULLOUGH *vs.* TALLADEGA INS. CO.

[ASSUMPSIT ON WRITTEN OBLIGATION TO PAY MONEY.]

1. *Corporation; when may plead nul tiel corporation.*—A corporation, when sued on a contract made by it, cannot plead *nul tiel* corporation, unless in case of misnomer or dissolution.

2. *Private corporations; books of, competency as evidence.*—The competency as evidence of the books of a private corporation is not destroyed because they had been for some time in the possession of the attorneys of the corporation, who brought them into court and delivered them to the attorneys of the opposite party, for use as evidence in the pending trial, there being no suspicion or claim of fraud on their part.

3. *Same; when may be sued on obligation for borrowed money.*—A private corporation, authorized to "borrow money, and issue their bonds therefor," may be sued on the obligation they give for the re-payment of money borrowed, whether it be under seal or not.

APPEAL from Circuit Court of Talladega.
Tried before Hon. CHARLES PELHAM.

The facts appear in the opinion.

TAUL BRADFORD, for appellant.—1. The books of the Talladega Insurance Company were competent evidence, under the plea of "*nul tiel* corporation." By these the plaintiff expected to prove, in part, acceptance of the charter, as they showed acts of "user" by the corporators. The manner in which the books were brought into court did not affect the case, for it was only incumbent on the plaintiff to *identify* the books.

2. The case of *Sanders v. Talladega Insurance Company*, 43 Ala. p. 115, is decisive of this case.

The right to borrow money, and to give a written promise to repay it, is clearly conferred upon the company, as may be seen by the actual grant of powers, and the restriction upon the exercise of certain banking powers, not conferred by the charter.

McCullough v. Talladega Insurance Co.

JOHN T. HEFLIN, *contra.*

(No brief for appellee came to Reporter's hands.)

B. F. SAFFOLD, J.—This suit was assumpsit on a written contract or obligation to pay money, brought by the appellant against the appellee. The defendant pleaded the general issue and *nul tiel* corporation. The court erred in not sustaining the demurrer to the last plea. I have not been able to find any authority for such a use of the last plea by the corporation. It has to appear in some way to make it; and being present, it pleads that it does not exist. Our statute law assimilates a private corporation, as nearly as possible, to a person; and the substance of such a plea seems necessary or permissible only in cases of misnomer or dissolution, and in the form and manner required in the case of a person.

Besides, as a person who has dealt with a corporation as such is estopped from denying its existence in that matter, so should a corporation who has so dealt with an individual.

The books of the company were competent evidence for the plaintiff, and the court erred in its refusal to permit them to be introduced. Formerly the rule was that a party could not be compelled to produce his private books and papers in obedience to a *subpœna duces tecum*, on the ground that it was requiring him to give evidence against himself, or in his own case. As the parties to a suit are now competent witnesses, and the production of papers may be coerced by subpœna from such, the rule no longer exists. The fact that the books had been for some time in the keeping of the attorneys of the company, who had used them as evidence in behalf of the company in another cause, and that they had brought them into the court-house, during the pendency of this trial, and delivered them to the plaintiff's counsel, did not destroy their competency, there being no suspicious circumstances attendant. Independently of these books, the evidence of the acceptance of the charter

and user under it, was amply sufficient.—*Talladega Insurance Company v. Landers*, 43 Ala. 115.

One of the powers expressly conferred upon this company by its charter, was that to borrow money and issue their bonds therefor. It is claimed for these bonds that they must be sealed instruments. If so, section 9, Revised Code, provides that when by law a bond is required, an undertaking without seal is sufficient, and must be taken in all respects as if the same was a sealed instrument. But I imagine the bonds intended are such writings as are customary and sufficient for the purpose among business men. Unless the act of incorporation expressly prescribes the contrary, the duly authorized agents of the corporations, as of natural persons, may, within the scope of their authority, bind them by simple as well as by sealed contracts. In *The Bank of Columbia v. Patterson*, 7 Cranch, 299, the United States supreme court went the whole length of giving the same remedies against incorporated companies, in matters of contract, as against individuals.—Angell & Ames on Corp. §§ 292, 379 ; *Talladega Ins. Co. v. Landers, supra.*

The judgment is reversed and the cause remanded.

[NOTE BY REPORTER.—At a subsequent day of the term, appellee applied for a re-hearing, but the application did not come into the Reporter's hands. The following response was made :]

SAFFOLD, J.—We do not think section 9, Revised Code, is confined to the restricted meaning contended for by the appellee. But the decision was not based on that issue.

The authorities cited in favor of the right to plead *nul tiel* corporation, were examined before preparing the opinion. The right to plead that a certain act was beyond the scope of the powers of the corporation is different from a plea that the corporation does not exist.

A re-hearing is denied.