# Hall Safe & Lock Co. *v*. Harwell.

*Action on Promissory Note, by Payee against Maker.*

1. *Attorney's authority to compromise, or to receive payment.*—An attorney at law, having in his hands a note for collection, may receive partial payments on it, but can not compromise the debt, nor discharge the debtor, by receiving in satisfaction of it less than the full amount due.

[Hall Safe and Lock Co. v. Harwell.]

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. JAS. R. DOWDELL.

This action was brought by the appellant, an Ohio corporation, against James L. Harwell and W. A. Herren; and was commenced in a justice's court, on the 16th March, 1887. The action was founded on the defendants' promissory note for $75, which was dated at Dadeville, Ala., February 22d, 1886, and payable to the plaintiff or order, on the 1st November, 1886, "at the office of Bulger & Wynn in Dadeville;" and it contained a waiver of exemptions, and a stipulation for the payment of a reasonable attorney's fee, in the event of suit on it. It was proved on the trial, as appears from the bill of exceptions, that the note was given for the price of an iron safe sold and delivered by plaintiff to said Harwell. The defendants pleaded the general issue and payment, on which pleas issue was joined. In support of the plea of payment, the defendants produced, and proved the execution of a receipt for $72.55, which was dated June 23d, 1886, and signed by Thos. C. Wynn, an attorney at law, who was a member of the firm of Bulger & Wynn, and who died in October, 1886. The receipt was in these words: "Received of J. L. Harwell $72.55, same being for a note for $75 made payable to Hall Safe & Lock Co., at the office of Bulger & Wynn, Dadeville, Ala., made by J. L. Harwell and W. A. Herren. Int. taken off, or allowed, from 1st November, 1886; amount, $2.55. Note misplaced, or in safe." A witness for the defendants testified, that he saw Harwell pay the money to Wynn in the street, and that the latter stooped down and wrote the receipt on his knee. The court admitted the receipt in evidence, against the objection and exception of the plaintiff; and instructed the jury, "that said receipt was *prima facie* evidence of payment of $72.45 on the note, though not conclusive evidence." The plaintiff excepted to this charge, and also to the refusal of the following charge, which was asked in writing: "Plaintiff is entitled to recover, at least, the difference between the face of the note and the amount claimed to have been paid, as shown by the receipt."

The admission of the receipt as evidence, the charge given, and the refusal of the charge asked, are now assigned as error.

W. D. BULGER, for appellant, cited *Gullett v. Lewis*, 3 Stew. 23; *Craig v. Ely*, 5 S. & P. 354; *Chapman v. Cowles*,

[Melbourne & Troy v. Louisville & Nashville R. R. Co.]

41 Ala. 103; *Trumbull v. Nicholson,* 26 Ill. 147; *Fitch v. Scott,* 3 How. Miss. 32; *Jones v. Ransom,* 3 Ind. 327; *Jewett v. Wordleigh,* 32 Me. 110; 20 Me. 183; *Cook v. Bloodgood,* 7 Ala. 683.

CLOPTON, J.—The note upon which the action is founded, was in the possession of Bulger & Wynn, as attorneys of plaintiff, for collection. They were authorized to receive partial payment; and there can be no question, that the receipt given by Wynn to Harwell, the principal, is *prima facie* evidence of payment on the note of the amount specified in the receipt. At the time the payment was made, the note had not matured. Interest was allowed on the payment to the time of maturity, and the sum paid was received in satisfaction of the entire note. While an attorney may receive partial payments, and bind his client, he is not authorized by his retainer and general employment to compromise a claim in his hands for collection, which is not in litigation and undisputed, or to discharge the debtor except upon actual payment of the full amount of the claim. Neither the justness nor the amount of the claim was disputed. It was released and discharged by the debtor paying, and the attorney accepting, without special authority, a less sum than the full amount. The difference between the sum paid and the amount of the note is immaterial; its smallness does not affect the principle.—*Robinson v. Murphy,* 69 Ala. 543.

The charge requested by plaintiff should have been given. Reversed and remanded.