# Scales & Co. *v.* Mount & Co.

### *Action on Common Counts.*

1. *Authority to agent to settle and collect.*—Authority to an agent to settle and collect a debt does not give him power to compromise it, or to accept less than the full amount in payment and satisfaction;

and though such extension of authority may be inferred by the jury from evidence showing that the debtor, having failed in business, notified his creditors that he could pay them eighty cents on the dollar, and afterwards paid that sum to plaintiff's agent, who had authority to settle and collect, this evidence does not authorize the court to instruct the jury that the authority to settle and collect gives the agent power to accept less than the full amount of the debt in compromise and settlement of it.

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. JOHN P. HUBBARD.

M. W. RUSHTON, for appellant.

PARKS & PARKS, *contra.*

CLOPTON, J.—It is admitted that defendants were indebted, October 29, 1889, to plaintiffs in the sum of $178.95, by account for goods sold and delivered; and that on that day they paid Tatum, plaintiff's travelling salesman, $145, for which he gave a receipt, reading as follows: "Received from J. B. Mount & Co. $145.00, on said indebtedness of Henry P. Scales & Co., October 29, 1889." The disputed question of fact was, whether this sum was paid by defendants, and accepted by Tatum, in full satisfaction and discharge of the entire demand. Parol evidence was introduced by both parties to show the understanding and agreement when the money was paid and the receipt given, without objection by either party. No question, therefore, arises as to its admissibility. In regard to the authority of Tatum to compromise and release the debt by taking a less sum, the bill of exceptions states, "the testimony tended to show that Tatum had authority to settle and collect the debt." The court substantially instructed the jury, that authority to settle and collect the debt was authority to take and accept a sum less than the full amount of the indebtedness, in compromise and satisfaction thereof.

As a general rule, the authority of an agent will not be extended beyond that which is given in terms, or is necessary and proper to carry the authority given into full effect. An agent with general authority to collect, is not authorized to compromise a claim, or release the debtor, except upon payment of the full amount.—*Hale Safe & Lock Co. v. Harwell*, 88 Ala. 441. Such authority will not be implied from the conjunctive use of the terms, *to settle and collect.* The latter word qualifies and limits the scope and meaning of the former, restricting it to its ordinary signification to adjust any matter that is or may be in dispute—authority to make a settlement,

and collect the amount as settled. Notwithstanding such is ordinarily the extent of the authority thus conferred, there may be circumstances which would enlarge the meaning, and show an intention to confer authority, by the use of the terms, *to settle and collect*, to take a less amount than the entire debt in satisfaction, and upon its payment to discharge the debtor. There is evidence tending to show that defendants, failing in business, notified plaintiffs and their other creditors of their failure, stating that they thought they could pay all creditors eighty cents in the dollar. If this be the fact, and upon receiving such notice, plaintiff sent Tatum to settle and collect the debt, authority to release defendants upon payment of eighty per cent. of their claim may well be inferred. The court, however, erred in instructing the jury, that authority to settle and collect was, of itself, without regard to the circumstances, authority to discharge the debtors upon payment of a sum less than the entire debt, which was undisputed.

Reversed and remanded.