# Touart *v.* Jett Bros. Contracting Co.

## *Bill to Quiet Title.*

(Decided Nov. 17, 1910. 53 South. 751.)

1. *Corporations; Action; Right to Hold Land; Sufficiency of Bill,* —Under section 3481, Code 1907, there is no presumption that the corporate power has been exceeded relative to the acquiring or holding of land, and the burden of showing invalidity rests upon the party asserting it. In view of the fact that only the state is concerned with whether a corporation owns more land than it is authorized to own, and that question cannot be collaterally raised by private persons, it was not necessary that a bill to quiet title filed by a corporation should aver the power of the corporation to own such land.

2. *Quieting Title; Description of Property; Sufficiency.*—The description of the land in the present bill being sufficient to enable a surveyor to locate the exact limits and the sheriff to execute a writ of possession had the action been ejectment, the description was sufficient for a bill to quiet title.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill by Jett Bros. Contracting Company against Louis Touart. Demurrers to the bill were overruled, and respondent appeals. Affirmed.

The bill alleges:    (1) That complainant is a business corporation duly chartered under the laws of the state of Alabama with its office and principal place of business in Mobile.    (2) That complainant owns, and claims to own, and is in peaceable possession of, that certain lot of land in the city and county of Mobile, and state of Alabama, described as follows:   Beginning at a point on the south line of Spring Hill avenue, 60 feet, more or less, eastwardly from the southwest corner of Spring Hill avenue and Bush avenue, and running thence eastwardly, along the south line of Spring Hill avenue, 60 feet and 5 inches, more or less, to a point; thence southwardly, along the east fence of the property now described, 424 feet, more or less, to a point; thence westwardly, along the south fence of the property now described, 120 feet, more or less, to a point on the east line of Bush avenue; thence northwardly, along the east line of Bush avenue, 194 feet, more or less, to a point 202 feet, more or less, southwardly from the southeast corner of Bush avenue and Spring Hill avenue; thence eastwardly, along the fence separating the lot now described from the lot at the southeast corner of Spring Hill avenue and Bush avenue, supposed to belong to Belle M. Boulet, 60 feet, more or less, to the southeast corner of said Boulet lot; thence northwardly, along the fence separating the lot now described from said Boulet lot, and

parallel, or nearly so, with Bush avenue, 202 feet, more or less, to the place of beginning. Section 2 of the bill was afterwards amended by describing the land as follows: Beginning at a point on the south line of Spring Hill avenue, 60 feet, more or less, eastwardly from the southeast corner of Spring Hill avenue and Bush avenue, said point being at the intersection of said south line of said Spring Hill avenue and the north and south fence separating the lot now described from the lot at the southeast corner of said two avenues, supposed to belong to Belle M. Boulet—and concludes as above. (3) That Louis Touart denies or disputes the title of complainant to the land described, or some part thereof, or claims or is reputed to own the same, or some part thereor, or claims or is reputed to claim some right, title, or interest in or incumbrance upon said lot, or some part thereof. (4) That no suit is pending to test or enforce the validity of such aforesaid title, claim, or incumbrance. (5) Calls upon Touart to specify and set out his title, claim, and interest, etc. (6) Asserts Touart's age to be upward of 21 years old, and his residence in Mobile, and follows with the usual prayer, etc.

The demurrers take the point: (1) That the bill does not show how, or when, or from whom, complainant acquired title. (2) Because the bill does not deraign the title of complainant. (3) Because the bill shows that defendant is a corporation, and does not aver or show that the said corporation had any right or corporate power to acquire and hold real estate at the time it acquired the real estate set out in the bill. (4) Because the bill shows that defendant is a corporation, and the name of the corporation indicates a business entirely foreign to that of holding or dealing in real estate, and the bill does not show that the corporation had any franchise or power to hold or deal in real estate. (5)

[Touart v. Jett Bros. Contracting Co.]

Because, so far as appears from the bill, acquiring or holding of real estate is ultra vires the complainant corporation. The sixth and seventh demurrers are that the land is not described with certainty sufficient to enable the court to render a decree.

FITTS & LEIGH, for appellant. On the point of ultra vires and lack of capacity of the corporation to hold real estate, such as here described, the following authorities are relied upon,: *Wilkes v. Ga. P. Ry. Co.,* 79 Ala. 180; *Chiwacla L. W. Co. v. Dismukes,* 87 Ala. 344. That the description of the property is insufficient, see *Inge v. Demouy,* 122 Ala. 169; *Ward v. Janey,* 104 Ala. 122.

BROOKS & STOUTZ, for appellee. The bill was properly filed to quiet title to a part of the land.—Section 5443, Code 1907. The bill sufficiently shows complainant's right to own and hold the property.—16 Cyc. 230; *Bondurant v. Sibley,* 29 Ala. 570. It isn't essential to make allegation as to the capacity to own.—*Kendrick v. Colyar,* 143 Ala. 597. The description was sufficient to enable a decree or judgment to be executed, and that is sufficient.—*Credo Co. v. Highland Co.,* 95 Fed. 911; *Crampton v. Prince,* 83 Ala. 246; *Bromberg v. Yukers,* 108 Ala. 577.

SAYRE, J.—The bill in this case was filed by the appellee, a corporation chartered under the laws of this state, to qiet title to a certain lot in the city of Mobile. The bill, which is filed under chapter 127 of the Code, avers that complainant owns and is in peaceful possession of the lot, which is described as will appear in the statement of the case to be made by the reporter. By demurrer, overruled in the court below, defendant asserted two propositions, which are renewed here: (1) The bill fails to aver complainant's corporate power to

own real estate.   (2) The land is insufficiently described.

1.   There are two reasons which operate together to answer the first ground of demurrer:

(1)   By statute it is made the common right of business corporations organized under the laws of this state "to acquire, hold, purchase, * * * all such real and personal property as may be necessary or convenient for * * * the conduct or management of its business, or as its purposes may require, and all other real or personal property which shall have been bona fide conveyed, transferred, pledged, or mortgaged to the corporation by way of security for, or in satisfaction of debts, or purchased at sale under judgment or decree obtained for such debts."—Code 1907, § 3841.   In *Wilks v. Georgia Pacific Railroad Co.,* 79 Ala. 180, relied upon by appellant, the bill was filed by the railroad company for the specific performance of a contract to convey the mineral interests in described lands, and the right to enter and mine the same.   Nothing to the contrary being alleged, the court assumed that the powers of the complaining company were those conferred by the general statutes on railroad companies, which were, at that time, to acquire real estate for right of way and for building depots, side tracks, machine shops, car factories, and other buildings necessary and incident to the business.—Code 1876, § 1830.   It thus appeared upon the face of the bill in that case that the complainant corporation had no power to acquire and operate mines. A different aspect of that case was presented on a second appeal after the bill had been amended.—*Georgia Pacific Railway Co. v. Wilks,* 86 Ala. 478, 6 South. 34. Prima facie the contracts of a corporation are valid. There is no presumption that corporate power has been exceeded, and the burden of showing invalidity rests on

[Touart v. Jett Bros. Contracting Co.]

the impeaching party.—*Ala. Gold Life Ins. Co. v. Central A. & M. Ass'n,* 54 Ala. 7; *Boulware v. Davis,* 90 Ala. 207, 8 South. 84, 9 L. R. A. 601; *Torrent Engine Co. v. Mobile,* 101 Ala. 559, 14 South. 557.

(2) Whether a corporation owns more land than it is authorized to own concerns only the state, and cannot be raised collaterally by private persons.—2 Cook, Corp. § 694, and elaborate note. As said by Field, C. J., in *Natoma Water Co. v. Clarkin,* 14 Cal. 544: "It would lead to indefinite inconveniences and embarrassments if, in suits by corporations to recover the possession of their property, inquiries were permitted as to the necessity of such property for the purposes of their incorporation, and the title made to rest upon the existence of that necessity." But in *Morgan v. Donovan,* 58 Ala. 241, it was said by this court that in a suit to enforce a contract of purchase which remained executory, or to recover for its breach, the question of ultra vires would be a material consideration. The same point was well developed in *Long v. Georgia Pacific Ry. Co.,* 91 Ala. 519, 8 South. 706, 24 Am. St. Rep. 931, and observed in *Railroad Company v. Moore,* 121 Ala. 380, 25 South. 602. The case at hand does not fall within the influence of the decisions to which we have last referred.

2. The objection to the sufficiency of the description of the property involved rests upon the use in that description of the words "more or less." These words are profusely used, an installment being dropped at every corner; but we apprehend that if the language of the description, construed together, would be sufficient to pass the title in a conveyance, it will suffice to describe the property in a bill for relief concerning the property. The words "more or less" are ordinarily intended and understood, not to admit of infinite variation, as appel-

lant seems to argue, but to restrain the representation "to a reasonable or usual allowance for small errors in surveys."—*Hodges v. Denny*, 86 Ala. 226, 5 South. 492. By courses and distances, which the phrase objected to makes closely approximate, in connection with fixed monuments—that is, public highways, fences, and adjoining closes, which control the distances (4 Am. & Eng. Encyc. 761-765)—the premises are so plainly described that, if the action had been ejectment, a surveyor would have been able in case of recovery to locate the exact limits, and the sheriff would have been able to execute a writ of possession. We are therefore of the opinion that the land in controversy was sufficiently described.

The decree of the law and equity court will be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.