176 So. 823

### TERRELL v. KAY.

8 Div. 807.

Supreme Court of Alabama.

Oct. 14, 1937.

Rehearing Denied Nov. 26, 1937.

W. H. Long, of Decatur, for appellant.

Norman W. Harris, of Decatur, for appellee.

### ANDERSON, Chief Justice.

This is an action for the statutory penalty for the failure, after demand, to satisfy a mortgage upon the record within the time prescribed by law upon the theory that the same had been paid and satisfied (Code 1923, § 9024).

It is undisputed that the clerk or agent of the defendant received payment of the mortgage debt, receipted for same, and surrendered to the plaintiff the note and mortgage. It is insisted by the appellee that the payment did not include certain accrued interest, the tax, and record fee, and that the clerk had no authority to accept the sum he did in full satisfaction of the mortgage.

Pretermitting the items composing the tax and record fee, it is unquestioned that the payment did not include the accrued interest. Therefore, the question arose, and which was practically the sole issue presented to the jury, was whether or not this clerk or agent had authority to receive a less sum than was due as full satisfaction of the mortgage. If said agent did not have such authority, the plaintiff had no cause of action against the defendant as for a failure to satisfy the mortgage record within the thirty-day period.

■ The trial court, in the oral charge, in effect, charged the jury that if they found that the clerk, Sam Kay, had the authority to accept the sum paid and to surrender the note and mortgage, which was less than was due, they must "find for the plaintiff and the only amount you may assess is $200.00." There was no express authority to Sam Kay to compromise claims or to settle the same for less than the amount due, and, if he had implied authority to do so, it was a question which was properly submitted to the jury and which, at most, was all that the plaintiff was entitled to under the evidence. 2 C.J. 634; Scales & Co. v. Mount & Co., 93 Ala. 82, 9 So. 513.

■ It is, of course, true that a principal can ratify the unauthorized acts of his agent, and we find upon the mortgage record a full and complete satisfaction of the mortgage debt and lien made more than thirty days after the notice was given and after the contended for cause of action arose.

■ But, when defendant marked the record "Satisfied," he did not expressly ratify the act of his employee in satisfying the mortgage. The expression there made was to the effect that it was then satisfied. Whether such expression carries an inference that he ratified the act of his employee, so that the satisfaction related to the date of his act as a matter of law, depends upon whether that is the only reasonable inference which may be drawn from his entry of satisfaction on the record. We think that the jury might draw that inference, or another, to wit, that he then concluded that he would prefer to cancel the transaction as of the latter date, since it only involved a small balance, such as that he did not care to be further concerned with, and to relieve himself of it he was willing to satisfy it at the time in consideration of what had been paid, though it may not have been fully paid.

If that was the reason for marking it satisfied, or any other, which he may have had, except an approval of the satisfaction made by his employee, it would not have been a ratification of the act of the employee. His entry on the record of satisfaction should be taken by the jury as evidence on the issue of whether the act of the employee was authoritative at the time, or whether he then ratified it, but is not conclusive of the issue.

The plaintiff was not therefore entitled to the general charge which was properly refused by the trial court.

As to the other assignments of error as may be sufficiently urged and argued by counsel, the rulings relating thereto were of no injurious error to the plaintiff.

The judgment of the county court is affirmed.

Affirmed.

GARDNER, BOULDIN and FOSTER, JJ., concur.