BRYAN, Judge.[1]
Gerry D. Hummel appeals a summary judgment in favor of Baldwin County (“the County”) and the individual, members of the Baldwin County Commission, who are Jonathan H. Armstrong, Frank H. Burt, Jr., George Price, Mary Frances Stewart, Charles A. Browdy, David A. Bishop, and Allen B. Perdue (“the Commissioners”). We affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.
Hummel worked as a court security officer at the Baldwin County courthouse from November 7, 1995, through October 15, 2000. After he received a notice, in September 2000, that his employment would be terminated effective October 15, 2000, Hummel made demand upon the County for: (1) the difference between the wages due a full-time employee of the County and the wages he had actually received during his employment; and (2) the retirement benefits due a full-time employee. In response, the County filed a declaratory-judgment action in the Baldwin Circuit Court on September 4, 2001. The County sought a judgment declaring that Hummel had been a contractual, non-merit-system employee who was not entitled to the wages and benefits due a full-time, merit-system employee. The County did not demand a jury trial.
Hummel filed an answer and a counterclaim. In his counterclaim, Hummel alleged that, although his employment contract designated him as a part-time employee, he was required to work the hours of a full-time employee and, therefore, he was entitled to the wages and benefits due a full-time employee. He sought a judgment declaring that he was entitled to: (1) the difference between the wages due a full-time employee and the wages he had actually received; (2) the retirement benefits due a full-time *1045 employee; and (3) prejudgment interest, costs, and an attorney’s fee. Hummel demanded a jury trial.
On August 5, 2003, Hummel filed an amended counterclaim. In his amended counterclaim, Hummel named the Commissioners as additional defendants and alleged four claims against the County and the Commissioners. First, he reasserted his claim seeking a judgment declaring that he was entitled to the wages and benefits due a full-time employee plus prejudgment interest, costs, and an attorney’s fee. Second, he asserted a claim seeking a writ of mandamus ordering the County and the Commissioners to perform their ministerial duties regarding paying him the wages and retirement benefits he claimed he was due. Third, Hummel asserted a claim alleging conspiracy to violate the law and to suppress material facts relating to his wages and benefits. Finally, Hummel asserted a claim alleging deprivation of his property rights without due process.[2]
After all of the judges of the Baldwin Circuit Court recused themselves, the chief justice of the supreme court assigned a retired circuit judge from another county to hear the case. On January 13, 2004, the County and the Commissioners moved for a summary judgment. The County sought a summary judgment on its claim for a declaratory judgment and on Hummel’s claims against it. The Commissioners sought a summary judgment on Hummel’s claims against them. The County and the Commissioners supported their summary-judgment motion with evidentiary submissions and a brief. The County and the Commissioners argued: (1) that Hummel was a deputy sheriff employed by the Sheriff of Baldwin County (“the Sheriff’) rather than a court security officer employed by the County; (2) that Act No. 95-581, Ala. Acts 1995, the act establishing the County’s personnel merit system, exempted the Sheriff from providing deputy sheriffs with the wages and benefits due a full-time, merit-system employee of the County; (3) that Hummel had introduced no evidence tending to prove that he was an employee of the County or the Commissioners; (4) that Hummel had introduced no evidence of an essential element of his claim of conspiracy, i.e., an agreement by the County and the Commissioners to deprive Hummel of wages and benefits to which he was entitled by law; and (5) that Hummel had introduced no evidence of an essential element of his claim of deprivation of property rights without due process, i.e., an employment contract between him, on the one hand, and the County or the Commissioners, on the other.
Hummel filed a response to the summary-judgment motion of the County and the Commissioners, a cross-motion for a summary judgment, and evidentiary submissions. Hummel argued: (1) that he was a court security officer employed by the County rather than a deputy sheriff employed by the Sheriff; (2) that he was a full-time employee of the County and, therefore, was entitled to the wages and benefits of a full-time employee of the County under Act No. 95-581; (3) that he had introduced evidence of a conspiracy by the County and the Commissioners to suppress material facts regarding his wages and benefits; and (4) that he was entitled to recover an attorney’s fee under his claims seeking a declaratory judgment and *1046 a writ of mandamus. The County and the Commissioners then moved to strike Hum-mel’s cross-motion for a summary judgment on the ground that it was unsupported by a narrative statement of undisputed facts as required by Rule 56(c), Ala. R. Civ. P.
On April 23, 2004, the trial court entered a memorandum opinion and order in which it granted the summary-judgment motion of the County and the Commissioners, struck Hummel’s summary-judgment motion, and, in the alternative, denied Hum-mel’s summary-judgment motion. The trial court rejected Hummel’s claim that he was a court security officer employed by the County. Instead, the trial court found that “Hummel worked for the Sheriff of Baldwin County as a deputy sheriff assigned to the position of court security officer.... ” The trial court then explained:
“The Sheriff ... may work an employee for forty (40) hours a week without providing a benefit package offered to all county employees. Ala. Atty. Gen. Op. 2001-215.... The Legislature passed a local act establishing the Baldwin County Personnel System in 1995. See Ala. Act No. 95-581. The Sheriff ..., as well as deputy sheriffs appointed by him are exempt from the Baldwin County Personnel System, under Section 4 of Ala. Act No. 95-581.
“Pursuant to Ala. Const. Art. V, § 112, the Sheriff ... is an executive officer of the State, and is not [an employee of the County], In other words, the Sheriff ... and his deputies are not policymakers for [the County] and thus [the County] cannot be held liable for the activities of the Sheriff. See McMillian v. Monroe County, 520 U.S. 781 (1997).
“Since Hummel admits that he was paid in full for all hours that he recorded on his time sheets at the rate of pay set forth in his contract, and he admits that his contract specifically provided that he was not entitled to vacation, sick, annual, subsistence, retirement or other benefits, there is no genuine issue of material fact and [the County], as well as [the Commissioners], are entitled to a summary judgment as a matter of law on these claims. Accordingly, the Court grants [the County’s motion for summary judgment on its claim seeking a declaratory judgment] and declares that [the County] is not liable to Hummel with respect to the contract between Hummel and the Sheriff ... and that Hummel was not a merit system employee of [the County]. Likewise, [the County and the Commissioners] are entitled to a summary judgment on Counts One and Two of the counterclaim [alleging claims for a declaratory judgment and a writ of mandamus] because Hum-mel was not an employee of [the County] and thus [the County and the Commissioners] do not owe him the monies he claims [in those counts].
“... In order to prove a conspiracy claim, Hummel must allege and prove that [the County and the Commissioners] agreed to accomplish an unlawful end and intended to have that unlawful end accomplished. See First Bank of Childersburg v. Florey, 676 So.2d 324, 327 (Ala.Civ.App.1996). ‘The essence of a conspiracy is an agreement, a meeting of the minds between co-conspirators.’ Id. ... Hummel has no knowledge of any conversations, much less any agreement, by [the Commissioners] to withhold the payment of any sums due to him. Hummel Depo. at 98-102. Accordingly, the Court grants the motion by [the County and the Commissioners] for [a] summary judgment as to Count Three of the Counterclaim [alleging a claim of conspiracy].
*1047 “Hummel has no due process claim against [the County and the Commissioners] unless he had a property interest in continued employment with [the County], See Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972)....
“In this case, Hummel had no contract with [the County], and the Baldwin County Personnel Systems Act, Ala. Act No. 95-581 simply did not apply to Hummel, a deputy sheriff employed by [the Sheriff]. Since Hummel, as a matter of law, had no contract of employment with [the County], his due process claim fails to state a claim against [the County and the Commissioners]. The Court hereby grants the motion for [a] summary judgment filed by [the County and the Commissioners] as to Count Four of the Counterclaim [alleging a claim of deprivation of property rights without due process].”
On May 19, 2004, Hummel, pursuant to Rule 59(e), Ala. R. Civ. P., moved the trial court to alter, amend, or vacate the summary judgment in favor of the County and the Commissioners. On June 9, 2004, the trial court entered an order denying Hum-mel’s Rule 59(e) motion. Hummel timely appealed to the supreme court. Pursuant to § 12-2-7(6), Ala.Code 1975, the supreme court transferred the appeal to this court on July 6, 2004.
On appeal, Hummel first argues that he established the existence of a genuine issue of material fact regarding whether he was entitled to the wages and benefits due a full-time employee of the County.
“Appellate review of a summary judgment is de novo. Ex parte Ballew, 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing ‘that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.’ Rule 56(c); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, ‘the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by “substantial evidence.”’ Lee, 592 So.2d at 1038 (footnote omitted). ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d [870,] 871 [ (Ala.1989) ]; see Ala.Code 1975, § 12-21-12(d).”
Kohler Co. v. Miller, 921 So.2d 436, 444 (Ala.Civ.App.2005).
On July 5, 2001, the Alabama Attorney General issued opinion number 2001-215 in response to five questions submitted by the Commissioners regarding the employment of jailers and court security officers by the Sheriff.[3] The County and the Commissioners included a copy of that opinion in support of their summary-judgment motion. In response to a question asking whether the Sheriff could “work an employee for forty hours a week and not provide, to that employee, a benefit package offered all county employees,” the Attorney General opined:

“FACTS, LAW, AND ANALYSIS

“The Sheriff of Baldwin County may work an employee for forty (40) hours a week without providing a benefit package offered to all county employees. *1048 Act No. 95-581 establishes the Baldwin County personnel merit system for all county employees. The Sheriff of Baldwin County, as an elected official, is exempt from the requirements of the personnel system under section 4 of Act No. 95-581. Furthermore, the Constitution of Alabama clearly denominates the sheriff as a member of the state’s executive board and thus not a county employee subject to Act No. 95-581. ALA. CONST. Art. V, § 112.
“In Whitten v. Lowe, 677 So.2d 778, 780 (Ala.Civ.App.1995), the Alabama Court of Civil Appeals concluded that an exemption provided for the sheriff in MarshaU County’s personnel system extended to deputies hired by the sheriff. The Court established that the deputies acted as the alter ego of the sheriff because the sheriff could be held civilly liable for their actions. See Id. at 779. Since the deputies merely acted as a legal extension of the sheriff, the sheriffs exemption from the county personnel system extended to cover their employment.
“As noted in the opinion request, the Sheriff of Baldwin County hired county jailers and court security officers. Under section 14-6-1 of the Code of Alabama, a sheriff ‘may appoint a jailer for whose acts he is civilly responsible.’ ALA. CODE § 14-6-1 (1995). Because the sheriff is civilly responsible for the acts of the jailers he appoints, the jailers act as a legal extension of the sheriff and are exempted from the county personnel system under Whitten v. Lowe. Opinion to Honorable Thomas W. Hall, Sheriff of Conecuh County, dated February 13, 1996, A.G. No. 96-00136. Therefore, county jailers would be given benefits only as provided in their contracts with the Sheriff of Baldwin County.
“While the exemption of the sheriff as an elected official under section 4 of Act No. 95-581 extends to jailers, the exemption does not extend to court security officers. No section of the Code of Alabama makes sheriffs civilly responsible for the actions of court security officers. Furthermore, this position involves a very limited objective and defines duties that do not require such employees to act as an alter ego of the sheriff. See Terry v. Cook, 866 F.2d 373, 378 (11th Cir.1989) (stating in dicta that employees such as clerks and dispatchers with positions involving limited objectives do not act as the alter ego of the sheriff). Therefore, court security officers, as county employees, are entitled to a benefit package offered all other employees.

“CONCLUSION

“The Sheriff of Baldwin County may work an employee, such as a deputy or jailer, for forty hours a week without giving him a benefit package provided to all county employees. A deputy or jailer acts as a legal extension of the sheriff as the sheriff is civilly responsible for their actions. The sheriffs exemption from the Baldwin County personnel system under the Constitution of Alabama and under the language of Act No. 95-581 extends to deputies and jailers. This exception does not extend to court security officers because those employees do not function as an alter eqo of the sheriff.”
(Emphasis added.)
In response to a question asking whether “the Baldwin County Commission [was] legally liable for employees of the Sheriff of Baldwin County who are offered employment contracts neither approved by the Baldwin County Commission nor to which the Baldwin County Commission is a *1049 party,” the Attorney General, in pertinent part, opined:

“FACTS, LAW, AND ANALYSIS

[[Image here]]
“Baldwin County is liable for services rendered under contract by court security officers hired by the sheriff without the authorization of the county commission. The county commission may ratify the contract between the court security officers and the sheriff, even though the sheriff acts without the authority of the county commission. See Terrell v. Kay, 235 Ala. 54, 176 So. 823 (1937). If the county commission chooses not to ratify the contracts between the court security officers and the sheriff, the county commission must pay the court security officers at least the reasonable value of their services to the county under the doctrine of quantum meruit. See State v. American Tobacco Co., 772 So.2d 417, 422 (Ala.2000).

“CONCLUSION

“Baldwin County is legally liable for employment contracts between the jailers and court security officers and the sheriff.”
(Emphasis added.) The result reached in this opinion is based on the reasoning and the conclusions contained in the quoted portions of Op. Att’y Gen. No. 2001-215.
The record before the trial court contained a memorandum dated November 2, 1995, from the Baldwin County Sheriffs Office (“the Sheriffs Office”) to the County’s personnel director. In pertinent part, that memorandum states:
“The Sheriffs Office selects the following candidates to fill the positions as indicated....
[[Image here]]

“Court Security Officer Gerry D. Hummel

“Please present these candidates for commission approval. ...”
(Emphasis added.)
The record before the trial court also contained a copy of the employment contract Hummel signed on November 7, 1995. In pertinent part, that contract states:
“SUBJECT: POSITION — Court Security Officer
“You have been appointed to the position of Court Security Officer. You will be commissioned as a Deputy Sheriff with powers of arrest and enforcement of all state laws. These powers are restricted to the area in and around the courthouse or as otherwise directed by the Sheriff or his designee. You will be required to wear a Deputy Sheriffs uniform while performing your duties as a Court Security Officer. Uniforms, sidearm, ammunition and other appropriate, approved equipment will be issued to you as needed. Your employment is on a contractual, non-merit-status basis. You may be terminated from this employment status, with or without cause.
“The financial elements of the position are:
“-Pay rate $9.00 per hour
“-No holiday pay
“-No sick leave or annual leave accumulation.
“Federal income tax and social security will be withheld. Social security will be matched by the county. Worker’s compensation insurance will be provided by the county. No other benefits (health insurance, retirement, etc.) will be provided.
[[Image here]]
*1050 “I accept the terms and conditions of employment as a Court Security Officer as set forth in this memorandum.
“11-7-95 /s/ Gerry D. Hummel ”
(Emphasis added.)
These documents establish the existence of a genuine issue of material fact regarding whether Hummel was a court security officer who, although he was commissioned as a deputy sheriff in order to confer upon him the power to arrest and enforce state law in the courthouse, nonetheless did not act as an alter ego of the Sheriff, or a deputy sheriff who, although he was assigned the duties of a court security officer, nonetheless acted as an alter ego of the Sheriff. Consequently, we must reverse the summary judgment in favor of the County and Commissioners on the County’s claim seeking a declaratory judgment and on Hummel’s claim seeking a declaratory judgment and a writ of mandamus.
Furthermore, the genuine issue of material fact regarding Hummel’s status established by the record also precluded summary judgment in favor of the County and the Commissioners on Hummel’s claim alleging deprivation of property rights without due process. The property interests protected by the Fourteenth Amendment “are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.” Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Since the evidence regarding Hummel’s status is in conflict, a fact-finder could find either: (1) that Hummel was a court security officer who, although he was commissioned as a deputy sheriff, did not act as an alter ego of the Sheriff, or (2) that Hummel was a deputy sheriff who, although he was assigned the duties of a court security officer, did act as the alter ego of the Sheriff. Should a fact-finder find that Hummel was a court security officer who, despite his commission as a deputy sheriff, did not act as the alter ego of the Sheriff, Act No. 95-581 would secure Hummel’s right to the benefits of a full-time County employee and, therefore, support his claim that he was allegedly deprived of his rights without due process. Consequently, we must also reverse the summary judgment in favor of the County and the Commissioners on Hummel’s claim alleging deprivation of his property rights without due process of law.
Hummel next argues that the record established the existence of a genuine issue of material fact regarding his claim alleging conspiracy. We disagree. The record contains no evidence of an agreement by the County or the Commissioners to violate the law or to suppress material facts. Consequently, we affirm the summary judgment in favor of the County and the Commissioners on Hummel’s claim alleging conspiracy.
We need not reach the remaining issues raised by Hummel. We remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur in the result, without writing.

. This appeal was previously assigned to another judge of this court. It was reassigned to Judge Bryan on January 18, 2005.

. Upon Hummel’s motion, the trial court joined the Retirement Systems of Alabama ("RSA”) as a party defendant, and Hummel alleged a claim against RSA in his amended counterclaim. However, upon the motion of RSA, the trial court subsequently dismissed Hummel’s claim against RSA and dismissed RSA as a party. Hummel has not appealed those rulings of the trial court. Therefore, RSA is not a party to this appeal.

. That opinion does not purport to address the specific facts of Hummel’s case.